F. A. RICHARDSON *et al.* v. ELISHA PENNY.

(Filed Feb. 8, 1900.)

APPEAL—*Statutory Bond—Conditions Construed.* Where parties execute statutory bond for the purpose of appealing a cause from a justice of the peace to the district court, and it is evident from the language of the bond that they attempted and intended to incorporate into the bond the conditions imposèd by the statute, but by inadvertence or mistake one of the statutory conditions not necessary to its validity was omitted, such bond will be so construed as to effectuate the purposes of the contracting parties, rather than to render it nugatory and ineffectual.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before*
*B. T. Hainer, District Judge.*

*H. B. Martin* and *James B. Diggs,*for plaintiffs in error.

*H. R. Thurston,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This is an action to recover on an appeal bond in a forcible entry and detainer case, begun before a justice of the peace and appealed to the district court, where the plaintiff prevailed, and obtained judgment for the restitution of the property. Suit was brought on the bond in the district court of Noble county, and on the trial of the cause, after the plaintiff had introduced his evidence and rested, the defendants demurred to the evidence. The court sustained the demurrer, but afterwards on motion for new trial by plaintiff, granted a new trial.

This appeal is by the defendants below from the order granting a new trial.

On the trial of the cause the execution of the bond was admitted, and it was shown that the defendants had paid all the costs for which they were liable on the bond, and it was not contended that any waste had been committed.

The entire measure of recovery was double the value of the use and occupation of the premises.

There is but one question worthy of consideration presented by counsel for plaintiffs in error. It is contended that by reason of the peculiar wording of the bond, no recovery can be had thereon for the use and occupation of the lot in controversy.

The bond reads as follows:

"E. Penny, Plaintiff, v. F. A. Richardson, *et al.*, defendants.

"Judgment before N. D. Cone, J. P., in and for the City of Perry, Noble County, Oklahoma Territory

"Whereas, on the 8th day of March, A. D. 1895, the said plaintiff, E. Penny, obtained a judgment against said defendants, F. A. Richardson, Joe Murray, and —— —— Munroe, on the docket of said N. D. Cone, J. P.. for the restitution of the possession of 80 feet off the east end of lot 1, in block 28, in the City of Perry, O. T. The subject of said action and the costs taxed therein at $19.85, and the said defendants have appealed there from to the district court in and for said county and Territory. Now, therefore, we, F. A. Richardson, S. E. Richardson, W. C. Munroe, Joseph Murray, C. Crawford. Charles Christoff, Charles K. Starkey, of Noble County, O. T., do hereby, pursuant to the statutes in such cases made and provided, promise and undertake, and are hereby bound to the said E. Penny; conditioned, that the

appellant will not commit or suffer waste to be committed on the premises, and if such judgment be affirmed in the district court, or if upon the further trial of said cause judgment be rendered against said appellants, that they will pay double the value of the use and occupation of the property, pursuant to the judgment; and that they will pay all damages and costs that may be awarded against the said appellants, and that said appellants will prosecute their appeal to effect and without unnecessary delay.

> "F. A. RICHARDSON,
> "S. E. RICHARDSON,
> "W. C. MUNROE,
> "JOSEPH MURRAY,
> "C. CRAWFORD,
> "CHARLES CHRISTOPH,
> "CHARLES K. STARKEY."

Section 4774, Statutes of Oklahoma, 1893, under which said bond was executed, is as follows:

"Section 4774. In appeals taken by the defendant in actions for the forcible entry and detention, or forcible and unlawful detention of real property, the undertaking on appeal shall be conditioned that the appellant will not permit or suffer waste to be committed on the premises in controversy; and if, upon the further trial of the cause, judgment be rendered against him, he will pay double the value of the use and occupation of the property from the date of the undertaking until the delivery of the property, pursuant to the judgment, and all damages and costs that may be awarded against him."

It will be observed that there was an attempt to incorporate the conditions imposed by the statute into the bond, but my mistake or oversight, these words are omitted: "From the date of the undertaking until the delivery of the property." It is clear that the parties in executing this bond contracted with relation to the

conditions of this statute, and evidently intended to give a complete statutory bond.

This is evidenced from the terms of the contract itself, viz: ' "We, ——————— do hereby, pursuant to the statutes in such cases made and provided, promise," etc. The sureties on a statutory bond are not liable beyond the strict terms of their engagement, and their liability cannot be extended by implication beyond the terms of the contract. (*Lowe et al. v. City of Guthrie,* 4 Okla. 287.)

But this leads us to the inquiry, What is the contract of the sureties in this case? They evidently intended to give the bond required by statute to enable the defendants to appeal from the judgment of the justice of the peace to the district court. They recite in the bond that, pursuant to the statute in such cases made and provided, they promise and undertake. The bond then contains all the conditions required by the statute except one, that of the limit of time for which they are bound to pay double rent. The statute says the person appealing shall bind himself to pay double the value of the use and occupation of the property from the date of the undertaking until the delivery of the property, pursuant to the judgment. In the bond in question, the bondsmen did bind themselves to pay double the value of the use and occupation of the property, but they omitted to state the time for which they would make such payment. This omission does not invalidate the bond. If they are liable at all, the law would fix their liability from the date they obligated themselves to pay until they would surrender the property to the plaintiff in the action. The law would measure the time for

which they would be liable by the same rule the statute prescribes, and we think this is the correct construction of the bond. It is the contract the sureties intended to make, and is the one they did make. To say that the literal reading of the bond was what was meant and intended would be to make this condition of the bond entirely nugatory. To hold that the sureties only contracted to pay double the value of the use and occupation of the property pursuant to the judgment, when no judgment had been rendered for such use and occupation, and never would be, is to hold that the bond means nothing; that the parties intended nothing, and accomplished nothing. It would be doing violence to the common sense and good judgment of the contracting parties to charge them with such folly.

There has been an inadvertent omission from this bond, and without it the bond is good; and we cannot connect the agreement to pay the value of the use and occupation with the term "pursuant to the judgment," so as to destroy the obligation entirely, and render a valid contract unenforcible.

This construction of the contract is not in harmony with the decision of the supreme court of Kansas, in *Henrie v. Buck*, 29 Kan. 391. We have examined that case with considerable care, and cannot agree with its reasoning or holding on the question here involved.

If it were a question of the construction of a statute, one we had adopted from that state, we would feel bound to adopt their construction. But this is the construction of a contract, and we are not bound by the decision of that court, unless its reasons and logic commend itself to our judgment.

The construction we have given this bond requires the parties to do that which they purposed to do. Their construction relieved them of a liability they had intended to assume, by reason of a technical defect in the bond.

We think the district court committed no error in granting the new trial, and the judgment ordering a new trial is affirmed at the costs of plaintiffs in error.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.