STATEMENT OF THE CASE.
The history of this case is as follows: An action was pending in the district court of Comanche county, entitled Broe v. Hale, for an accounting, wherein the title, right of possession, and earnings of certain personal property, including the subject-matter of this suit, to-wit, a certain ditcher, was involved. The plaintiff was appointed receiver in that action, duly qualified, and was by the court ordered to take possession of said personal property, including the said ditcher. In the petition in this case, the plaintiff alleges: that on March 31, 1905, he was appointed receiver in an action wherein Geo. W. Broe was plaintiff and J. R. Hale was defendant, and was directed therein to take charge of, control, and manage under the orders of the court a Buckeye ditcher, owned by said Broe and Hale, and being used in the digging and the excavating of the sewer system at Lawton. And to perform certain other duties as shown in order of appointment, which said other duties are stated as follows: "To control and preserve the same until the final determination of the above-entitled action, or until otherwise directed by the court"; that Hale had delivered the ditcher to defendant Severns by virtue of an agreement between Severns and Hale, whereby Severns was to make certain repairs on the ditcher for which consideration Severns was to retain possession of the ditcher as security thereof; that at such time, or while Severns had possession of the said ditcher, Hale agreed with Severns that Severns was to retain said ditcher as a pledge for the payment of certain moneys advanced by Severns to Hale; that Hale and Severns had made another agreement, whereby Severns was to use said Buckeye ditcher in excavating and digging the *Page 569 
trenches of said sewer system, and after he had done said work was to account to said Hale for the value of the work done by said ditcher and to return the ditcher to Hale; that for a period of some weeks Severns had been using said ditcher in the excavation of the trenches, and that Severns, after demand, had refused to deliver the ditcher to the plaintiff English; that Severns claims a right to the possession of the ditcher by virtue of having received the same from said Hale; that said Severns is using said ditcher in excavating said sewer trenches, and has broken and injured the machinery; that the trenches so being dug are through ground exceptionally hard and difficult of excavation, and in many instances deep, and the machine is being wrenched and broken, and deteriorating in value to the irreparable injury of the assets the plaintiff is appointed to take charge of; that the exact amount of money advanced by said Severns to said Hale on the ditcher, in making said repairs, and the amounts of money advanced for which said Severns is holding said ditcher as security, are unknown to plaintiff, because Hale and Severns are ignoring the rights and interests of plaintiff, and will not and have failed to inform the plaintiff of the amount advanced to Hale, or the amount claimed as a lien upon the ditcher for repairs; that ever since the institution of the suit of Broe v. Hale, ninety days or more, and ever since plaintiff's appointment as receiver, defendant Severns has had possession of the ditcher and used and controlled the same; that plaintiff is entitled to an accounting from Severns for the value of the use of the ditcher, that said value of the use of same cannot be given by plaintiff because he is wholly and entirely excluded from knowledge of the amount of work done, or the exact period of time the ditcher has been used by defendant, but plaintiff alleges it to be $2,000.00; that the ditcher has deteriorated $500.00; that it is worth $5,000.00, is an expensive and complicated piece of mechanism; that it has been by such use damaged $500.00; that defendant Severns has, at all of the times mentioned, known of the rights of Broe in and to the ditcher, and *Page 570 
that the rights claimed by Severns to the ditcher and his agreement with Hale were with notice of Broe's interests; that Severns is not attempting or taking any steps to enfore any lien against the ditcher, but is using the agreement as a screen behind which he can retain the use, management, and control of the ditcher, to the exclusion of every right and interest of the plaintiff receiver; that Severns is a non-resident of Comanche county, and has no property in said county, except possibly a very meagre amount of personal property; that by retaining said machine Severns is defrauding, cheating, and depriving plaintiff of his rights and interests therein; that by reason of the above and foregoing fact, and the numerous claims of Severns against the ditcher, the plaintiff has no adequate remedy, at law, and that an irreparable injury is being done the ditcher and the interest of the plaintiff therein.
The prayer of the petition is for an order restraining defendant Severns and his agents and employees from exercising any control over the said ditcher, directing Severns to turn the ditcher over to the plaintiff pending the final disposition of the cause and the case of Broe v. Hale; that an accounting be had between the receiver and Severns for the value of the use of the machine, and that the plaintiff receiver have judgment against Severns for damages to the machine in the sum of $500.00, and for the value of the use of the machine in the sum of $2,000.00, for costs, and all other relief plaintiff is entitled to. A summons was regularly issued out of the district court, served upon the defendant, and regularly returned. An order was obtained from the judge of the district court in chambers, in words and figures, as follows, omitting the caption and names of parties:
"The above entitled cause comes on to be heard before the undersigned, judge of the district court in and for the aforesaid county and territory at my chambers at Hobart, Oklahoma, on motion and affidavit of the plaintiff as receiver, for an order directing, commanding, and ordering J. O. Severns, the defendant, to deliver and turn over to F. M. English, receiver, one certain *Page 571 
Buckeye ditcher, now being used and operated by said defendant in excavating the trenches for the Lawton sewer system, in the city of Lawton, Comanche county, Oklahoma, and further praying that said J. O. Severns, his agents, servants, and employees be restrained from further using, managing, or operating the aforesaid Buckeye ditcher.
"It is therefore, by the court, after being duly advised in the premises, ordered, adjudged, and decreed that the said J. O. Severns do forthwith deliver and turn over to the said F. M. English, receiver, the aforesaid Buckeye ditcher, now being used, operated, and controlled by said Severns, his agents, servants, and employees, and he is hereby directed and ordered by the court to deliver the aforesaid Buckeye ditcher to the aforesaid F. M. English, receiver.
"It is further ordered, adjudged, and directed by the court that the said J. O. Severns, his agents, employees, and all persons acting for him during the pendency of this action, be, and they are each and all of them hereby restrained from any and all further use and management of the said Buckye ditcher.
"This order and injunction to be and remain in full force and effect from the time of its signing until such time as the J. O. Severns shall make, execute, and deliver to Geo. W. Broe a good and sufficient bond in the sum of five thousand dollars ($5,000.00), the same to be approved by the clerk of the district court, at Comanche county, Oklahoma, and conditioned and in compliance with one certain order made by this court in the case of Geo. W. Broe, plaintiff, v. J. R. Hale, defendant,
pending in the district court of Comanche county, Oklahoma, wherein this plaintiff, F. M. English, was appointed as a receiver to take charge of and control and manage the aforesaid Buckeye ditcher, under the direction and control of the court. Said bond shall be conditioned to pay the judgment rendered in favor of Geo. W. Broe v. John R. Hale, as aforesaid, in aforesaid cause.
"The order of injunction herein to be in force only after giving good and sufficient bond in the sum of $2,500 by plaintiff to defendant, conditioned that plaintiff will pay defendant any damage sustained, if it be finally determined that the order of injunction herein is wrongfully granted.
"Done at Hobart, Kiowa county, Oklahoma, on this 12th day of April, 1905.
"F. E. GILLETTE, Judge of District Court." *Page 572 
Endorsed: "Filed April 12, 1905, N.E. SISSON, Clerk, by L. S. ECKLES, Deputy."
Afterwards, on the 13th day of April, 1905, the defendant filed his motion to vacate said order, which motion is as follows, omitting the caption and title:
"Comes now the said defendant and specially excepts and objects to the orders made by the honorable judge herein, on the date of April 12, 1905, at chambers, and moves the said honorable judge to set aside and vacate the said orders, and each of them, for and upon the following grounds and causes, to-wit:
"1st. Said order and each of them are contrary to law and without authority of law. 2nd. Said orders and each of them are without jurisdiction, both as to the parties to this cause and the subject-matter involved. 3rd. Said orders and each of them are contrary to facts and to the rights of defendant and based upon insufficient grounds or reasons. 4th. Said orders and each of them are contrary to law in this: That they were made without notice of any kind or character to defendant or counsel. 5th. Said orders and each of them are invalid and contrary to law in this: That the plaintiff has and had a plain and adequate remedy at law, and for such cause had no right to pursue or obtain any remedy or relief in equity. 6th. Said orders and each of them are invalid and contrary to law in this: That they determine the merits of such action without notice or opportunity on the part of the defendant to be heard or have his day in court. 7th. The petition of the plaintiff fails to state facts sufficient to constitute a cause of action against defendants, or to entitle the plaintiff to the relief sought, or to any orders or relief herein. 8th. The plaintiff has no legal capacity or jurisdiction to sue or maintain this action in this: That he has not furnished or given a bond as receiver which has been considered or approved by the court or the honorable judge thereof. 9th. The allegations and statements contained in plaintiff's petition are untrue in fact, and the said orders are a mistake both of law and fact. 10th. The said orders are without jurisdiction or authority of law in this: That they constitute a mandatory injunction.
"Wherefore the defendant prays the honorable judge to set aside and vacate the said orders and each of them, and that the plaintiff be directed to immediately deliver said Buckeye ditcher *Page 573 
mentioned in the plaintiff's petition to the said defendant, and relinquish the same to the defendant, and that the defendant be restored to all of his rights and placed in the same position as before said orders were made, and that he have all other just and proper orders in the premises.
"The said plaintiff and his attorneys are hereby notified of the foregoing motion, and that the same will be called up and presented for determination to the Hon. F. E. Gillette, judge of said court, in chambers, at Hobart, Kiowa county, O. T., on the 14th day of April, A.D., 1905, at the hour of 8 o'clock P. M., or as soon thereafter as the same can be heard, and that the defendant will at such time offer and submit affidavits, documents, and oral evidence in support of said motion.
"ROSS ANDERSON, Attorneys for Defendant."
"Acknowledgment of service.
"Service of the foregoing motion and notice by a true copy is hereby acknowledged to have been made on us this 13th day of April, 1905.
"PARMENTER MYERS, Attorneys for Plaintiff."
Endorsed: "Filed this 13th day of April, 1905, N.E. SISSON, Clerk, by L. S. ECKLES, Deputy."
On the 14th day of April this cause came on to be heard before the judge at his chambers, on the motion of defendant to dissolve the injunction, which motion was by the court granted, and the injunction ordered on the 12th of April, 1905, was by the court vacated. Thereafter, and on the 15th day of April, 1905, the court having made and entered an order approving and confirming the bond of F. M. English as receiver in the case ofGeo. W. Broe v. J. R. Hale, the plaintiff asked and was given leave to re-file his motion and affidavit for injunction, and re-filed his petition in this cause, as of date April 15, 1905. Thereupon, on the 15th day of April, 1905, said cause came on to be further heard upon the application of plaintiff for temporary injunction on the petition and affidavit of said plaintiff as re-filed, and the court, after hearing said application, made the following order, omitting the caption and title:
"The above-entitled cause coming on to be heard before the *Page 574 
undersigned, judge of the district court in and for the said county and territory, at my chambers at Hobart, Oklahoma, on this 15th day of April, 1905, on motion and affidavit of the plaintiff as receiver for an order directing, commanding, and ordering J. O. Severns, the defendant, to deliver and turn over to F. M. English, receiver,, one certain Buckeye ditcher, now being used and operated by said defendant in excavating the trenches for the Lawton sewer system, in the city of Lawton, Comanche county, Oklahoma, and further praying that said J. O. Severns, his agents, servants, and employees be restrained from further using, managing, or operating the aforesaid Buckeye ditcher.
"It having been made to appear that heretofore to-wit, on the __________ day of March, 1905, in an action pending between Geo. W. Broe and J. R. Hale, in the district court of Comanche county, O. T., wherein the title to the said Buckeye ditcher was involved as between said parties, that the plaintiff herein, F. M. English was appointed receiver of the said property, and was by order of the court directed to take possession of the same and hold keep, and preserve the same until the matters in dispute between said Broe and said Hale were settled by judgment of the court, upon the said F. M. English giving a good and sufficient bond as receiver in the sum of two thousand and five hundred dollars ($2,500.00).
"It having been made further to appear that said F. M. English, plaintiff herein, has duly qualified as such receiver, and has given the bond required, which has been duly and lawfully approved, and as such receiver has demanded possession of said Buckeye ditcher, but that possession of the same has been refused him by one J. O. Severns, the defendant herein, he, the said Severns, claiming to hold the said ditcher under and by authority of the said J. R. Hale, and the right, by virtue of such authority to conduct, operate, and use the same to the exclusion of Geo. W. Broe and this plaintiff, as receiver, and has failed and refused to account for the earnings and proceeds of the same in accordance with a certain contract between said Broe and said Hale, by the terms whereof the earnings of the said ditcher as stipulated in said contract was to be paid to said Broe until the cost price of said ditcher had been reached.
"It having been further made to appear that the said J. O. Severns, defendant herein, received possession of said ditcher from *Page 575 
said Hale, with the knowledge of the terms and requirements of the contract between said Broe and said Hale, and with the full knowledge of the rights of the said Geo. W. Broe, with reference thereto.
"It is therefore by me considered, ordered, and adjudged that the said J. O. Severns do and he is hereby commanded forthwith to deliver and turn over to the said F. M. English, receiver as aforesaid, said Buckeye ditcher, now being used, operated, and controlled by him, and he, his agents, servants, and employees are hereby restrained and enjoined from further use, control, or custody of said ditcher, except and unless the said J. O. Severns shall enter into a good and sufficient bond in the sam of $5,000 to be approved as required by law, conditioned that upon a final accounting between said Broe and said Hale, under said contract, he will pay to said Broe, according to the terms of said contract, the amount found due for the use of said ditcher under and by virtue of the terms of said contract, to-wit, the earnings of said ditcher in the construction of the Lawton, O. T., sewerage system.
"It is further ordered and adjudged that this order shall not take effect and be in force until the plaintiff herein shall give to the said defendant, Severns, a good and sufficient bond, in the sum of two thousand five hundred dollars ($2,500.00), conditioned that he will pay to the said J. O. Severns the damages by him sustained, if it be finally determined that the injunction herein was wrongfully ordered and granted.
"Witness my hand, at my chambers, this 15th day of April, 1905.
"F. E. GILLETTE, Judge, 7th Judicial Dist. Okla.
"To the granting of which orders the defendant excepts and objects. Exceptions allowed. F. E. Gillette, Judge. And thereupon, for good cause shown, the defendant was allowed ten days in which to make and serve case-made for the supreme court, and the said plaintiff was allowed one day thereafter in which to suggest amendments thereto, said cause to be settled and signed on two days notice by either party to the adverse party.
"F. E. GILLETTE, Judge District Court."
Opinion of the court by
Fours grounds are alleged by counsel for plaintiff in error for a reversal of this case. They are as follows: *Page 576 
"1. The plaintiff had a plain and adequate remedy at law for the purpose of obtaining possession of the ditcher, namely, by a replevin action, if he was entitled to the possession thereof, and for this reason he had no right to the equitable remedy pursued, namely, by mandatory injunction.
"2. Regardless of the character of his remedy, and even if a remedy existed in equity, still there was no sufficient basis or authority for relief in the case by a mandatory injunction.
"3. If there was a remedy given the plaintiff by injunction, the order of injunction is erroneous and invalid, because the bond required of the plaintiff to obtain the injunction was not to be conditioned as provided by law, in this, that it was not to contain any stipulation for attorney's fees prescribed by the act of the Oklahoma legislature, approved March 15, 1905 (Session Laws, 319-320).
"4. The bond required of the defendant was an unlawful burden and condition upon which to obtain a stay of the order, for the reason assigned in the last paragraph, and also because not authorized by any law or precedent, and contrary to law."
It will be noticed that the first three assignments of error are based on the theory that there was a mandatory injunction improperly issued in the case. This contention we think is not well taken, as a reading of the order of the court will show that the only purpose of the injunction part of the order was in aid of and to give force and effect to the order compelling the turning over of the property to the receiver, that it might by him be preserved and accounted for in such a manner as the further order of the court might require. An examination of the record will show that all the court did or attempted to do was to make an order directing that the property in litigation between the parties be turned over to the receiver pending the final disposition of the case. This he had a perfect legal right to do, and he had the right to make all necessary restraining orders as might be necessary to give force and effect to such order. By referring to the journal entry in this case, on page 31, it will be seen that the only restraining condition in the order is in the following language: "He [Severns], his agents, servants, and employees are *Page 577 
hereby restrained and enjoined from further use, control, or custody of said ditcher." And to guard all parties against injury or loss by this part of the order, a good and sufficient bond is provided for. Such orders are necessary for the proper discharge of duty on the part of the receiver, and are clearly within the necessary powers of the court.
In the case of Ex Parte Cohen, 5 Cal. 494, it is said:
"Courts of equity have the power to appoint receivers and to order them to take possession of property in controversy, whether in the immediate possession of defendant or his agent; and in proper cases they can also order the defendant's agents or employes, although not parties to the record, to deliver the specific property to the receiver."
And in Wikle v. Silva, 70 Ga. 717, it is said:
"Title to property should not be tried in a summary proceeding for interference with the custody of a receiver, but possession only may be put in issue in such a manner."
In Naddox v. Tidwell, 96 Ga. 783, 22 S.E. 390:
"It was proper, on appointing a receiver for an insolvent firm, to require one of the firm's co-defendants, who it was shown had taken property of the firm, to return that property to the receiver, or give a bond conditioned to pay the value thereof to the petitioners in case the receiver was found to be entitled to the property on final hearing."
It the court did not have power to make and enforce such an order, the appointment of a receiver in many cases would be but an idle farce. The granting of a temporary injunctionpendente lite is largely within the discretion of the court, and the appellate court will not vacate such an order on appeal, unless there has been a clear abuse of discretion, or the same was granted without authority. Reaves v. Oliver,3 Okla. 62. We think the record shows there was no abuse of discretion, but only a reasonable and necessary exercise of it. We are at a loss to see how it can be seriously contended that any reversible error has been committed in this case. No person can be injured by this *Page 578 
order, or any substantial rights lost. The order only provides that the property should be turned over to the receiver to await the further order of the court where and when the rights of all parties can be adjusted and amply protected.
The only remaining assignment is the fourth. That is that the bond required of the defendant by this order, in order to stay that portion of the order which required him to turn over the ditcher to the receiver, was unwarranted, and was an unlawful burden upon him. We think there is no doubt, under the law, that where the court has jurisdiction of the parties and the subject-matter, and has appointed a receiver to take charge of and manage and control the personal property involved in litigation, pending such litigation, as an inherent power he has the right to order any party to the litigation to turn over to said receiver any property involved in the litigation in his possession, pending such litigation. Now, if the court had this power, then the mere fact that connected with this order is a condition that the person to whom this order is directed may stay its operation upon filing a bond is not an abuse of this power, and is not exceeding the authority of the court. Such a condition attached to the order would be for the benefit of the party against whom the order is made. The original order being allowable in this court, and being one which the court has a right to make, the party against whom such order was directed should obey the same, and the fact that the court gave him an alternative between obeying the order and securing a stay of the enforcement of the same by a bond would not render the order invalid.
These are the only assignments of error urged by counsel for plaintiff in error, and having examined the entire record, and finding no error therein, the judgment of the district court is affirmed, at the costs of the plaintiff in error.
Gillette, J., who presided in the court below, not sitting; all the other Justices concurring. *Page 579