## *In re* Gibson.

### Crawford v. Fleming.

No. 889, Ind. T.    Opinion Filed December 21, 1908.

(98 Pac. 923.)

**BANKRUPTCY—Property in Hands of Third Person—Summary Trial of Issue.** Where a third person, not a party to a bankruptcy proceeding, is ruled by the referee to show cause why he shall not turn over to the trustee certain funds alleged to be in his hands belonging to the bankrupt, and the cause he showed was to the effect that he had no moneys, properties, credits, or effects of any kind whatsoever in his possession or under his control belonging to the bankrupt, the referee is without jurisdiction summarily to try the issue thus joined over the objections and exceptions of the respondent.

(Syllabus by the Court.)

*Error to the United States Court for the Southern District of the Indian Territory; J. T. Dickerson, Judge.*

In the matter of the bankruptcy of G. C. Gibson. From an order requiring John P. Crawford to make certain payments to R. C. Fleming, trustee in bankruptcy, Crawford brings error. Reversed.

*Galbraith & McKeown,* for plaintiff in error.

Kane, J.   On the 30th day of January, 1902, G. C. Gibson was adjudged bankrupt in the United States Court for the Southern District of the Indian Territory, and a trustee was subsequently appointed, who took charge of his property and effects not exempt by law.   On the 17th day of February, 1905, on motion and petition of said trustee, the referee in bankruptcy served a citation or order on appellant commanding him to appear before said referee on a day therein named and show cause why he should not pay over to the trustee in bankruptcy the sum of $1,300, which it was alleged he held as the property of said bankrupt.   The appellant

appeared in response to such citation, protesting against the authority of said referee to pass upon and adjudicate said matter, and filed a response, as follows:

"That he had no moneys, properties, credits, or effects of any kind whatever in his possession or under his control, belonging to said bankrupt, G. C. Gibson. That while it is true on the 5th day of January, 1902, he received from said bankrupt, G. C. Gibson, $1,000, that immediately after the receipt of said sum, he secured New York Exchange for it and returned it to said bankrupt. That this money was received, exchange secured, and returned to said bankrupt long prior to the filing of the petition in bankruptcy herein. That while it is true that this respondent did receive from said bankrupt on or about the 5th day of April, 1902, a sum which he is unable to give the exact amount of, but was between $400 and $700. It is also true that he did not receive the same as the property of the said bankrupt, but he received it from said bankrupt with the distinct understanding that it was the property of the mother of the bankrupt. He turned it over to the said bankrupt, not as the property of the bankrupt, but as the property of his mother. That at no time has this respondent been indebted to said bankrupt in any sum of money; nor has he had in his possession, or under his control, any sums of money or other property belonging to the said bankrupt, since the filing of the petition in bankruptcy herein. And he further says that all sums of money received was not the property of the said bankrupt, but was the property of his said mother."

Testimony was taken by the referee in bankruptcy, after which he found against the facts set forth in appellant's response and ordered appellant within 10 days thereafter, to pay R. C. Fleming, trustee in bankruptcy, the sum of $1,300. This order was excepted to by the appellant, and on his request the case was certified to the judge of the United States Court for the Southern district of the Indian Territory, who, on the 14th day of March, 1906, made an order overruling the exceptions of the appellant to said order and approved and confirmed the same and commanded the appellant to pay over and deliver to R. C. Fleming, trustee, within 10 days, the sum of $1,300, which said order of the district judge

was filed in the clerk's office on the 20th day of March, 1906. On the 27th day of March, 1906, the appellant presented to the judge of the United States Court for the Southern District of the Indian Territory his petition praying an appeal and asking that said order entered on the 20th day of March, 1906, might be certified for review, in the matter of law, to the United States Circuit Court of Appeals for the Eighth Circuit, sitting at St. Louis, Mo., which petition and prayer were allowed. This petition for review was dismissed by the United States Circuit Court of Appeals of its own motion for want of jurisdiction. After notice to the attorneys of the trustee, motion to vacate the order made was presented to the judge of the United States Court for the Southern District of the Indian Territory, and on hearing of said moton the same was sustained, and the order vacated and re-entered as of that date, to wit, the 5th day of August, 1907. A petition and prayer for an appeal from said order to the United States Court of Appeals of the Indian Territory, with assignment of errors, was presented to the judge on the same day, and the prayer for an appeal granted. The case is now in this court under the terms of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 267), and Schedule to the Constitution.

The questions presented to this court for determination are stated by counsel for appellant as follows:

(1) Was the order complained of a lawful order, or one that the referee in bankruptcy had authority to make, and one that the judge of the United States Court of the Southern District of the Indian Territory had power to approve and confirm, under the law?

(2) Can the appellant, a third party, a stranger to the bankruptcy proceedings, be denied the right to a trial by jury and be dealt with in this summary manner, or is he entitled to have the issue presented by his response to the order to show cause tried to a court and jury in a plenary action?

The cases cited by counsel seem to sustain their contention, and

require a reversal of the judgment of the court below at our hands. The appellant denied that he had any property or money of the bankrupt. This, it seems, brought the contention within the ruling of *Louisville Trust Company v. Comingor,* 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413. In that case rule was laid on the assignee by the referee in the bankruptcy proceedings to show cause why he should not pay over the sums of $3,398.90 and of $3,200, alleged to belong to the bankrupt's estate, in response to which the assignee showed as cause that he had paid the $3,200 to counsel for services rendered to him as assignee, and had retained and expended the $3,398.90 as his own commissions as such, all before the petition was filed, and he also, prior to the final order of the District Court, objected before the referee, and before the District Court, that he could not be proceeded against by summary process for want of jurisdiction. The rules were made absolute by the referee and the assignee ordered to pay over the two sums in question, and that action was affirmed by the District Court. The Supreme Court, in reversing the judgment of the court below, held:

"(1) That as to these sums the assignee asserted adverse claims existing at the time the petition was filed, which could not be disposed of on summary proceeding. (2) That the bare fact that the assignee was named as one of the defendants to the petition in bankruptcy did not make him a party to the bankruptcy proceedings for all purposes. (3) That in responding to the rules laid on him, the assignee did not voluntarily consent that he might be proceeded against in that manner, and that jurisdiction to do so could not be maintained."

Mr. Chief Justice Fuller, who wrote the opinion of the court, says:

"On the face of his responses, from the first to last, it appeared that Comingor insisted that the $3,200 had been paid by him to his counsel while they were acting for him, before the bankruptcy proceedings were commenced, for professional services rendered to him as assignee, and that he had retained and expended the $3,398.90 as his commissions as assignee in reliance on the belief that he was entitled to that amount on final settlement. He

thus asserted a claim to each of these sums adversely to the bankrupt, and as outstanding when the petition in bankruptcy was filed, and these claims were in fact passed upon by the referee and the district judge as being adverse. This brought the controversy within the ruling in *Bardes v. Bank,* 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, and the questions attempted to be litigated before the referee and in the District Court as to the allowance of the two amounts could only be raised in the District Court by consent, and then only by plenary suit. If the jurisdiction of the District Court was not consented to, then, the state court, under the circumstances of this case, was the proper forum, and the matters in dispute were to be disposed of there. * * * The proceeding was purely summary. The determination of the merits on the facts was not open to revision by appeal or writ of error under the bankrupt law. If Comingor had been entitled to a trial by jury, he could not have obtained it as of right. The collection of the amounts found due would be enforceable, not by execution, but by commitment. 'We think that it would not have been the intention of Congress thus to deprive parties claiming property, of which they were in possession, of the usual processes of the law in defense of their rights.' *Marshall v. Knox,* 16 Wall. 556, 21 L. Ed. 481; *Smith v. Mason,* 14 Wall. 419, 20 L. Ed. 748. We are of the opinion that, even if Comingor could have consented to be pursued in this manner, he did not so consent. He was ruled to show cause, and the cause he showed defeated jurisdiction over the subject-matter; that is, jurisdiction to proceed summarily. He did not come in voluntarily, but in obedience to peremptory orders, and, although he participated in the proceedings before the referee, he had pleaded his claims in the outset, and he made his formal protest to the exercise of jurisdiction before the final order was entered."

The rule laid down in *Eyster v. Gaff et al.,* 91 U. S. 521, 23 L. Ed. 403, approved in *Bardes v. First National Bank of Hawarden, supra,* to determine whether a party may be proceeded against in a summary manner, is stated as follows:

"The opinion seems to have been quite prevalent in many quarters, at one time, that, the moment a man is declared bankrupt, the District Court which has so adjudged draws to itself by that act not only all control of the bankrupt's property and credits, but that

no one can litigate with the assignee contested rights in any court, except in so far as the Circuit Courts have concurrent jurisdiction, and that other courts can proceed no further in suits of which they had at that time full cognizance; and it was a prevalent practice to bring any person, who contested with the assignee any matter growing out of disputed rights of property or of contracts into the bankrupt court by the service of a rule to show cause, and to dispose of their rights in a summary way. This court has steadily set its face against this view. The debtor of a bankrupt, or the man who contests the rights to real or personal property with him, loses none of those rights by the bankruptcy of his adversary. The same courts remain open to him in such contest, and the statute has not divested those courts of jurisdiction in such actions. If it has for certain classes of actions conferred a jurisdiction for the benefit of the assignee in the Circuit and District Courts of the United States, it is concurrent with and does not divest that of the state courts."

If Gibson had not been adjudged a bankrupt, the appellant's right to have his liability for any money that may have been paid him tried and determined in the courts of the state in a plenary action was unquestioned. Then, if he loses none of those rights by the bankruptcy of his adversary, that right still exists, and the order appealed from is void and should be set aside.

We believe the foregoing cases are fully decisive of the case at bar, and that the referee was without jurisdiction to proceed against the appellant in the summary manner he did in this case. He was ruled to show cause, and the cause he showed defeated jurisdiction over the subject-matter; that is, jurisdiction to proceed summarily.

Although the case involves a considerable sum of money and questions of fundamental right of great importance to the citizen, the defendant in error has filed no brief in this court, and we have not the benefit of knowing upon what theory he presented the case below, or upon what ground the court sustained the findings of the referee. It was obviously the duty of the trustee to procure counsel for this purpose, and upon his failure to do so this court does not feel called upon carefully to search the record to

find a theory upon which the judgment of the court below can be sustained.

The judgment of the court below is reversed.

All the Justices concur.