## HAVRON et al. v. PRIBOTH.

No. 6711. Opinion Filed February 15, 1916.

(155 Pac. 569.)

**INJUNCTION—Mandatory Injunction—Summary Proceeding—Issues Determinable—Right to Rents—Cancellation of Instruments.** Where, in an action to cancel a conveyance of land, a receiver is appointed to take possession of the premises and directed to collect the rents and profits, pending the trial, and the county judge, in the absence of the district judge, upon application of the receiver and without notice, issues a mandatory injunction directed to the party in possession of the land and claiming the rents thereof, to forthwith deliver the same to the receiver, **held,** that it is not error for the district judge to dissolve such mandatory injunction, upon motion, and a showing that the party claiming to own the rents bases his claim upon a contract with the owner of the land made prior to the appointment of the receiver; for the reason that such claimant is entitled to his day in court, and his claim to the rents cannot be determined in such summary proceeding.

(Syllabus by Galbraith. C.)

*Error from District Court, Tillman County;
Frank Mathews, Judge.*

Action brought in district court by Oma Agnes Havron against A. F. Priboth and another, to cancel a deed as in fraud of creditors and subject lands to payment of judgment, wherein J. B. Baird, Jr., was appointed receiver. On application of the receiver, the county judge granted a mandatory injunction, which was later dissolved by the district court, and plaintiff and the receiver bring error. Affirmed.

*Mounts & Davis,* for plaintiffs in error.

*Ahern & Searcy,* for defendant in error.

Opinion by GALBRAITH, C. This is an appeal from an order of the district court of Tillman county dissolving

a mandatory injunction issued by the county court of that county, during the absence of the district judge therefrom. It appears from the record that there was pending in the district court of Tillman county an action by Oma Agnes Havron against A. F. Priboth and G. G. Priboth, seeking to cancel a deed executed by A. F. Priboth to G. G. Priboth, as was charged, for the purpose of defrauding the creditors of the grantor, and seeking to subject the lands conveyed to the payment of a judgment previously rendered in favor of the plaintiff against the defendant A. F. Priboth. By order of the district court entered on July 25, 1913, J. B. Baird, Jr., was appointed receiver in said action, and directed to take possession of the land, and to collect rents and profits thereof pending the trial. On July 1, 1914, upon application to the county judge of Tillman county by the receiver, and a showing that the district judge was absent from the county, that A. F. Priboth had refused to turn over the rents on the land for the year 1914, and that the value of such rents was about $1,000, the county judge issued a mandatory injunction commanding A. F. Priboth and G. G. Priboth, their agents, servants, and employees to forthwith turn over to the said J. B. Baird, Jr., receiver, the rents, issues, and profits arising from said land for the year 1914. On the 8th day of July, 1914, G. G. Priboth made a special appearance in said cause, and moved to dissolve the mandatory injunction, and in support of his application showed that in February, 1913, he rented the land involved in this suit for a term of two years, from January 1, 1913, to January 1, 1915, and paid as rental the sum of $500 in cash; that he owned the rent and profits of said land for the year 1914. Upon this showing the district court

made an order dissolving the mandatory injunction, and from that order this appeal was prosecuted.

Error is assigned in the action of the court in refusing to make the mandatory injunction permanent and in dissolving the same, and in holding that it was without jurisdiction to determine the rights of G. G. Priboth to the rents of the lands in that summary manner. The question presented by this appeal is whether or not the · trial court had jurisdiction to adjudicate and determine the rights of G. G. Priboth to the rents of the lands involved in this suit in this summary proceeding.

The case of *Severns v. English,* 19 Okla. 567, 101 Pac. 750, is relied upon by the plaintiffs in error to support the assignments of error. In the English Case the property involved was a certain ditcher, the title to which was in the defendant in the action, in which the receiver had been appointed; but Severns was in possession of the ditcher, and claimed the right to the possession under a contract with the defendant in the receivership suit. He, however, was made a party defendant to that suit, and cited to show cause why he should not deliver the ditcher to the receiver. He appeared and did show cause, and thereby had his day in court, while in the case at bar the mandatory injunction was issued without notice, and upon an *ex parte* showing, and in the absence of G. G. Priboth, the defendant in error. His rights were thus tried and he was thereby commanded to turn over to the receiver the property which he claimed to own, without an opportunity to litigate his right to the property, and he was thereby denied his day in court. The English Case, therefore, does not support the contentions of the plaintiffs in error.

It seems to us that the principle governing in the instant case was announced and applied by this court in *Re Gibson,* 22 Okla. 867, 98 Pac. 923, where the rule was announced that the rights of a third party claiming property involved in a bankruptcy proceeding could not be determined in a summary manner; but that such party was entitled to a plenary hearing, and a right to show by what authority he asserted his claim to the property in dispute. In other words, that one claiming property involved in a bankruptcy proceeding—and that involved in a receivership would be controlled by the same principle—is entitled to his day in court, and an opportunity to show his rights to the possession of the property as against the claim of the receiver or trustee in bankruptcy.

The record shows that G. G. Priboth rented the land involved in the receivership suit prior to the appointment of the receiver; that he paid the rental thereon in advance for the years 1913 and 1914. If that was true, he had a right to the rents of the land for the year 1914 as against the claim of the receiver, and he could not be deprived of this property without his day in court. The mandatory injunction issued by the county court of Tillman county deprived him of his property without a hearing, and was therefore erroneous, and the district court was right in dissolving the same.

We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.