### ENGLISH v. SEVERNS et al.

No. 7263—Opinion Filed Oct. 31, 1916.

(160 Pac. 893.)

#### Appeal and Error—Liabilities on Bonds—Accrual.

A cause of action upon a bond given to supersede an order directing the delivery of personal property to a receiver, upon appeal to the Supreme Court, arises upon the affirmance of such order, and it is not necessary for the receiver to await the termination of the main cause before beginning action upon said bond.

(Syllabus by Rummons, C.)

Error from District Court. Comanche County; Cham Jones, Judge.

Action by F. M. English, receiver, against J. O. Severns and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded for new trial.

B. M. Parmenter, for plaintiff in error.

Howard B. Hopps and W. C. Stevens, for defendants in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Comanche county, by the plaintiff in error, hereinafter designated as plaintiff, against defendants in error, hereinafter designated as defendants, to recover judgment on a supersedeas bond executed by the defendant J. O. Severns, as principal, and J. W. McNeal and T. H. Dunn, as sureties, to stay the execution of an interlocutory order entered by the judge of the district court of Comanche county, Oklahoma Territory, in an action wherein F. M. English, as receiver, was plaintiff, and J. O. Severns was defendant pending an appeal from said order to the Supreme Court of Oklahoma Territory.

Upon said appeal the said interlocutory order was affirmed, and plaintiff brings this action to enforce said supersedeas bond. At the trial, it appearing that the main action of plaintiff against the defendant J. O. Severns had not yet been finally disposed of, the trial court sustained a demurrer to the evidence of plaintiff and dismissed plaintiff's action without prejudice, upon the ground that said action was prematurely brought. Having moved for a new trial, and having excepted to the overruling thereof, plaintiff brings this proceeding in error to reverse the judgment of the trial court.

The sole question presented by this appeal is whether or not plaintiff was entitled to maintain this action upon the bond executed by defendant Severns to stay the execution of the order entered in the case of F. M. English, receiver, against J. O. Severns, before said cause was finally determined.

Plaintiff was appointed receiver in an action pending in the district court of Comanche county, Oklahoma Territory, wherein George W. Broe was plaintiff, and J. R. Hale was defendant, to take charge of and hold, keep, and preserve one Buckeye ditcher, the title to which was involved in said action. Plaintiff having qualified as such receiver, and having obtained leave of court, commenced this action against the defendant Severns into whose possession the said ditcher had been delivered by J. R. Hale, to recover the possession of said ditcher. At the commencement of said action plaintiff applied to the judge of the district court of Comanche county, Oklahoma Territory, at chambers, for an order directing said defendant Severns to surrender possession of said ditcher to him, and for an order restraining and enjoining said defendant Severns, his agents, servants, and employes, from interfering with the possession of said ditcher by plaintiff; the judge of said court made an order directing the defendant Severns to deliver said property to plaintiff and the defendant Severns being aggrieved thereat appealed to the Supreme Court of Oklahoma Territory, and executed the undertaking now sued on to stay the order of said court pending said appeal. The action of the trial judge was affirmed by the territorial Supreme Court. Severns v. English, 19 Okla. 567, 101 Pac. 750.

The undertaking upon which this action is

based was given under the section of the Code of Civil Procedure, now found at section 5253, Revised Laws 1910. From the argument contained in the brief of counsel for defendant, we conclude that the trial court treated this case as an injunction action, and thereby fell into error.

The Supreme Court of Oklahoma Territory (Severns v. English, supra), says:

"It will be noticed that the first three assignments of error are based on the theory that there was a mandatory injunction improperly issued in the case. This contention we think is not well taken, as a reading of the order of the court will show that the only purpose of the injunction part of the order was in aid of and to give force and effect to the order compelling the turning over of the property to the receiver, that it might by him be preserved and accounted for in such a manner as the further order of the court might require. An examination of the record will show that all the court did or attempted to do was to make an order directing that the property in litigation between the parties be turned over to the receiver pending the final disposition of the case."

From this it is apparent that the order appealed from, and to stay which the undertaking herein sued on was given, was an order for the delivery of the property in question to the receiver to be by him held and preserved pending the litigation between Broe and Hale, and that it was in no sense an injunction proceeding; the restraining orders being merely ancillary to and for the purpose of enforcing the order of delivery.

We cannot agree with the contention of counsel for defendants that no action could be maintained upon this undertaking until a final determination of the main action. Under the terms of the order appealed from and affirmed by the Supreme Court of the territory, the plaintiff was entitled to the immediate possession of the ditcher, and entitled to hold possession of the same until the final determination of his action against the defendant Severns. This right of the plaintiff was superseded and defeated by the giving of the undertaking upon which plaintiff seeks to recover. Upon the affirmance of the order by the Supreme Court, plaintiff was entitled to the immediate possession of the machine, and to recover of the defendants such damages as he might have sustained from the withholding of possession from him by virtue of said supersedeas bond. It appears from the evidence that the machine was never returned to plaintiff, and that it was of the market value of $5,000 to $6,000.

Defendants are bound by the terms of their undertaking, since an action upon a supersedeas bond is an action upon a contract. Richardson v. Penny, 9 Okla. 655, 60 Pac. 501; Richardson v. Penny, 10 Okla. 32, 61 Pac. 584; Ryndak v. Seawell, 23 Okla. 759, 102 Pac. 125.

It will not do to say that plaintiff cannot maintain this action, because he might ultimately fail in the main action, since he was entitled under the order of the court to the possession of the property and was responsible for it as receiver, under his receiver's bond, and he is entitled to recover from the defendants upon the failure of Severns to deliver the machine to him, the value thereof, to be held and accounted for by him as such receiver upon the conclusion of the litigation arising out of the contest over the title to said machine.

We therefore conclude that plaintiff's right of action upon this undertaking accrued upon the affirmance by the Supreme Court of the territory of the order of the district judge of Comanche county, and that the trial court erred in sustaining the demurrer of defendants to the evidence of plaintiff.

This cause should be reversed and remanded, with directions to the trial court to grant plaintiff a new trial.

By the Court: It is so ordered.