## RYNDAK *et al.* v. SEAWELL.

No. 2233, Okla. T. Opinion Filed May 12, 1909.

(102 Pac. 125.)

1. **APPEAL AND ERROR—Supersedeas Bond—Sufficiency to Bind Obligors Personally.** A supersedeas bond, executed under the provisions of section 4744, Wilsons' Rev. & Ann. St. 1903, by which the obligors acknowledge themselves "held and firmly bound unto" the obligee in amount specified by said section, "for the payment of which," it is declared, "we bind our heirs and personal representatives by these presents," binds the obligors personally notwithstanding the omission of the word "ourselves."

2. **APPEAL AND ERROR—Supersedeas Bond—Failure of Surety to Qualify.** The provisions of section 4919, Wilson's Rev. & Ann. St. 1903, requiring any ministerial officer, whose duty it is to take security for any undertaking provided by the Code, to require the person offered as surety to make affidavit of his qualifications and to indorse upon or to attach to the undertaking such affidavit, is directory, and failure of the surety on a supersedeas

bond to qualify as prescribed by said section does not invalidate the bond.

3.    **UNDERTAKINGS—Failure to Indorse Approval.** The provisions of section 4747, Wilson's Rev. & Ann. St. 1903, which requires that the clerk shall indorse his approval upon any undertaking taken by him under said section, is directory.

4.    **APPEAL AND ERROR—Supersedeas Bond—Failure to Indorse Approval.** Where a supersedeas bond is taken, approved, and filed by the clerk of the trial court, before a proceeding in error to the appellate court is perfected, the failure of the clerk to indorse his approval upon the bond until after the judgment superseded is affirmed by the appellate court does not invalidate the bond.

5.    **APPEAL AND ERROR—Supersedeas Bond—Actions—Petition—Sufficiency.** A petition in an action on a supersedeas bond against the principal and sureties thereto, where plaintiff alleges the execution, filing, and approval of the bond, the pendency of the action in which it is filed, the appeal therein to the Supreme Court and affirmance of the judgment superseded, the breach of the conditions of the bond, and the amount of the judgment in the trial court, is not demurrable because it fails to allege that a money judgment was rendered by the appellate court.

6.    **APPEAL AND ERROR—Supersedeas Bond—Fixing Liability—Condemnation Money.** The "condemnation money" mentioned in the conditions of a bond given under subdivision 1, sec. 4744, Wilson's Rev. & Ann. St. 1903, is "found against the defendant" when the judgment of the lower court is affirmed by the appellate court.

(Syllabus by the Court.)

*Error from District Court, Kiowa County; F. E. Gillette, Judge.*

Action by Wiley P. Seawell against Felix J. Ryndak and others. Judgment for plaintiff, and defendants brought error to the Supreme Court of the territory of Oklahoma, whence the cause is transferred to the Supreme Court of the state of Oklahoma. Affirmed.

At the April, 1902, term of the district court of Kiowa county, defendant in error, Wiley P. Seawell, recovered a judgment in said court against plaintiff in error Felix J. Ryndak for the sum of $993.41 and for the foreclosure of a mechanic's lien. From this judgment plaintiff in error Felix J. Ryndak prosecuted an appeal to the Supreme Court of the territory. To stay the execution of the judgment pending such appeal, he filed in the trial court

a supersedeas bond executed by himself as principal and plaintiffs in error F. M. Cox and W. M. Flaxman as sureties. The Supreme Court affirmed said judgment of the district court on March 4, 1904, and issued thereafter its mandate to the district court. The district court issued execution on the judgment, under which a portion of said judgment was collected. This action was brought against plaintiffs in error as principal and sureties on the supersedeas bond to recover the remaining portion of said judgment unsatisfied. The case was tried to the court without a jury, and judgment was rendered in favor of defendant in error against plaintiffs in error for the sum of $707.24. From this judgment plaintiffs in error filed this proceeding in error in the Supreme Court of the territory, where it was pending at the time of the admission of the state, and is now before this court under the provisions of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 267) for final disposition.

*C. A. Morris,* for plaintiffs in error, cited *Penny v. Richardson* (Okla.) 71 Pac. 228, and *German Nat. Bank v. Rapid Transit & Power Co.,* 69 Neb. 115.

*L. M. Keys* and *N. Rummons,* for defendant in error. No copy of brief reached the reporter.

HAYES, J. (after stating the facts as above). Plaintiffs in error, defendants below, demurred to the petition of defendant in error, which was overruled. They thereupon filed their separate answers, in which they admit the recovery of the judgment as alleged in plaintiff's petition and its affirmance by the Supreme Court of the territory and that said judgment had not been satisfied; but they deny liability upon the supersedeas bond, and allege that such bond is invalid and unenforceable because of defects in the form thereof and because of the failure of the sureties to qualify upon such bond and because of the failure of the clerk of the district court to indorse his approval upon the bond at the time it was filed. A certified copy of the supersedeas bond upon which the action was brought was attached to the petition

of defendant in error in the trial court as an exhibit. The propositions which plaintiffs in error now present to us for review were saved by them in the trial court by demurrer to the petition and objection to the introduction of the testimony on the ground that the petition failed to state a cause of action and by a motion for a new trial, in which one of the grounds was that the judgment is contrary to the law and the evidence. The supersedeas bond upon which the action is brought, omitting the caption, is, in part, as follows:

"Know all men by these presents that we, Felix J. Ryndak, as principal, and F. M. Cox and Wm. Flaxman, as sureties, are held and firmly bound unto Wyley P. Seawell, the above-named plaintiff, in the sum of two thousand twenty-seven and seventy-two hundredths dollars ($2,027.72) for the payment of which well and truly to be made, we hereby bind our heirs and personal representatives firmly by these presents."

The other portions of the bond which we omit describe the judgment from which the appeal was taken and recite the conditions of the bond.

It will be noticed that the language of the bond does not recite that the parties executing the bond bind "themselves," but recites only that they bind their heirs and personal representatives, the word "ourselves" being omitted entirely, and for this omission in the bond it is contended by plaintiffs in error that no liability or obligation is imposed upon plaintiffs in error Cox and Flaxman, as sureties thereon. This contention is without merit. Section 4744, Wilson's Rev. & Ann. St. 1903, provides for superseding judgments of the class superseded by the bond in question. This section of the statute does not undertake to prescribe the form of the bond, nor its contents, further than that plaintiff in error shall execute a written undertaking in double the amount of the judgment or order to the effect that he will pay the condemnation money and costs in case the judgment or final order appealed from shall be affirmed in whole or in part. Plaintiffs in error, in the case at bar, by the terms of the bond, acknowledge themselves held and firmly bound unto the defendant in error in

the sum of $2,027.72. The failure to insert the word "ourselves". after the word "bind" is not fatal to this obligation. Bonds, like contracts are to be construed, if possible, that they may have effect and to the end that the purposes and the intention of the parties executing the contract may be promoted, rather than defeated. *Wood v. Coman,* 56 Ala. 283, is a case directly in point, which holds contrary to the contention of plaintiffs in error, and the rule therein announced is sound. See, also, *Rose v. Winn,* 51 Tex. 545, wherein the court said:

"In regard to ordinary bonds, when the intention is manifest from the instrument itself, the court will transpose or reject insensible words and supply an accidental omission in order to give effect to that intention."

Section 4747, Wilson's Rev. & Ann. St. 1903, provides that the execution of a supersedeas bond and the sufficiency of the sureties must be approved by the court in which the judgment was rendered, or by the clerk thereof, and that the clerk shall indorse said approval signed by himself upon the undertaking and file the same in his office for the defendant in error. The bond in this action was filed in the office of the clerk of the district court shortly after the judgment from which the appeal was taken was rendered and was accepted by the clerk, who entered upon his appearance docket a notation of the filing of the bond and of his approval thereof; but the clerk failed to indorse his approval upon the bond until after the affirmance of the judgment by the Supreme Court of the territory, and also failed to qualify the sureties on the bond. After affirmance of the judgment by the Supreme Court, the clerk indorsed his approval upon the bond as of the date on which it was filed in his office and accepted by him. It is urged that the failure of the clerk to qualify the sureties and attach to the bond their affidavits of qualifications and his failure to indorse upon the bond his approval are each fatal to the validity of the bond. Section 4747, *supra,* does not require that persons offered as sureties on supersedeas bonds shall make an affidavit of their qualifications; but section 4919, Wilson's Rev. & Ann. St. 1903, provides that any ministerial offices, whose duty

it is to take security for any purpose provided by the Code, shall require the person offered as surety to make affidavit of his qualification, which affidavit shall be indorsed upon or attached to the undertaking. This section of our Code was section 723 of the Kansas Code, from which state it was adopted. Its provisions are merely directory to the officer taking the security, and his failure to perform the duty does not invalidate the undertaking. *St. L., L. & D. R. R. Co. v. Wilder,* 17 Kan. 239; *Smith v. Nescalunga Town Co. et al.,* 36 Kan. 758, 14 Pac. 246. Nor do we think that section 4747, in requiring that the clerk shall indorse his approval upon the bond, is mandatory. The language of the section is:

"The execution of the undertaking and the sufficiency of the sureties must be approved by the court   *   *   *   or by the clerk thereof, and the clerk shall indorse said approval signed by himself upon the undertaking and file the same in his office for the defendant in error."

The entry upon the bond of the approval of the clerk is but a clerical act and is the evidence of such approval, but it is not the act of approval, and the failure of the clerk to make such entry on the bond at the time it is filed, when he in fact approves it, cannot vitiate the bond. *Burdett v. Marshall,* 3 Tex. 24; *Muller v. Humphreys* (Tex. App.) 14 S. W. 1068. The language of section 4919, requiring that the affidavits of qualifications of the sureties shall be indorsed upon or attached to the bond, is none the less mandatory than that part of section 4747 now under consideration; but the Supreme Court of Kansas has uniformly held that the language of the former section is not mandatory, but is merely directory. No good reason appears to us why the same construction should not be given to the language of section 4747 here involved. The provisions of both sections are for the benefit of the defendant in error and to protect and preserve his rights pending the appeal in order that if his judgment is affirmed by the appellate court, the enforcement of the same may not be defeated by the lapse of time.

The bond was filed on the 28th day of January, 1903, before the proceeding in error was filed in the Supreme Court, and there

is no controversy that the same was on that day accepted and approved by the clerk. This fact is established by the records of his office. Plaintiff in error has had the benefit of the bond. The The purposes of the bond have been accomplished. It has protected plaintiff in error, Ryndak, from an execution pending the appeal, and if defendant in error had, pending the appeal, undertaken to have execution issued, he would have been prevented from doing so by said bond, for if on examination, such bond, when found filed among the records in the case, had not contained upon it the approval of the clerk, upon a showing of the plaintiff in error Ryndak that if such omission of the clerk, was due to no fault of plaintiff in error, the court would have permitted a *nunc pro tunc* order directing the entry of such approval. The bond bears the following indorsements: "Filed Jan. 28, 1903. N. E. Sisson, Clerk. Approved Jan. 28, 1903. N. E. Sisson, Clerk:" Plaintiffs in error have sought to prove by oral testimony that the second indorsement on the bond was not made on the 28th day of January, 1903, but was made after the case was affirmed in the Supreme Court. All such testimony was admitted over the objection of defendant in error. The competency of this testimony, however, has not been discussed by either party in his brief. Both parties treat the case in their brief as if it had been established by competent evidence that said entry of approval upon the bond was not made when it is purported upon the bond to have been made, but was made after the affirmance of the cause by the Supreme Court. We therefore have determined the question presented in the briefs without determining whether such evidence was competent, and now refrain from expressing any opinion thereon.

It is further urged by plaintiffs in error that the demurrer to petition of defendant in error should have been sustained by the trial court for the reason that he fails to allege therein that any money judgment was rendered by the appellate court. Defendant in error, in his petition, alleges the execution, filing, and approval of the supersedeas bond, which is the basis of this action,

and alleges the pendency of the action in which said bond was filed, and the appeal therein to the Supreme Court and the affirmance of the judgment superseded, the breach of the conditions of the bond, and the amount of the judgment affirmed. He attaches to his petition, as an exhibit thereto a copy of the bond, and makes it a part of his petition and alleges in the petition the conditions of the bond. The judgment in the action in which the bond was filed was a personal judgment for the payment of money and for the foreclosure of a mechanic's lien, and the bond is properly conditioned, under the requirements of the first subdivision of section 4744 of Wilson's Revised and Annotated Statutes, which provides that it shall be conditioned that plaintiff in error will pay the condemnation money and costs in case the judgment shall be affirmed. When the Supreme Court affirmed the judgment of the lower court, it found the condemnation money against plaintiff in error Ryndak. It was unnecessary that the judgment of the Supreme Court should be for a specific sum of money in order to render plaintiffs in error liable upon their bond. The records of the lower court disclose the judgment against Ryndak, and an affirmance of that judgment is sufficient to fix the condemnation money as contemplated by the statute. *Maloney et al. v. Johnson-McLean Co. et al.,* 72 Neb. 340, 100 N. W. 423; *Richardson et al. v. Penny,* 9 Okla. 655, 60 Pac. 501.

There being no reversible error in the record, the judgment of the trial court is affirmed.

All the Justices concur.