## PECK et al. v. CURLEE CLOTHING CO.

No. 7620—Opinion Filed Jan. 9, 1917.

(162 Pac. 735.)

(Syllabus by the Court.)

**1. Appeal and Error—Supersedeas Bond—Statute—Validity.**

A supersedeas bond, though it does not comply with the language of the statute, voluntarily entered into for a valid consideration, and when not repugnant to the letter or policy of the law, will be held good as a common-law bond.

**2. Same— "Affirmance"—Liability of Surety.**

For the purpose of enabling his principal to secure a stay of execution as provided in section 5251, Rev. Laws 1910, a surety executed a supersedeas bond conditioned, in effect, that if the principal did not, he would pay "the condemnation money and costs in case judgment or final order shall be adjudged against it." The principal neglected for more than six months after the rendition of the final order to institute proceedings in error in the Supreme Court for a reversal of the judgment, though such proceedings were subsequently filed. Thereafter the petition in error was dismissed by the court because filed out of time. Held, that the dismissal operated as an "affirmance" of the judgment within the meaning of the bond, and that the surety was liable thereon.

Error from the County Court, Stephens County; J. W. Marshall, Judge.

Action by the Curlee Clothing Company against P. H. Peck and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Former opinion, published in 159 Pac. 905, withdrawn.

H. B. Lockett, for plaintiffs in error.

Nicholas & Lyle and J. B. Wilkinson, for defendant in error.

SHARP, C. J. On May 11, 1911, the Curlee Clothing Company recovered judgment in the county court of Stephens county against the Comanche Mercantile Company. In July following, the mercantile company as principal, and P. H. Peck as surety, executed and filed in the county court a supersedeas bond in words and figures as follows, omitting caption and qualification of the surety:

"Know all men by these presents: That Comanche Mercantile Company, principal obligor, and P. H. Peck, as surety, are held and firmly bound unto Curlee Clothing Company, plaintiff in the above-entitled cause, in the sum of fifteen hundred dollars ($1,500.00) for the payment of which well and truly to be made, we, and each of us, do hereby jointly and severally bind ourselves, our successors and assigns. Dated this 27th day of July, 1911.

"The condition of the foregoing obligation is such that, whereas, on the 8th day of May, 1911, judgment was rendered in favor of said obligee, plaintiff in said cause, and against Comanche Mercantile Company, principal obligor, defendant in said cause, for the sum of seven hundred and eleven 49-100 ($711.49) with 6 per cent. interest from October 17, 1910, and costs; and whereas, said defendant has taken an appeal from said judgment to the Supreme Court of Oklahoma: Now, therefore, if the said principal obligor herein shall pay to the said obligee the condemnation money and costs in case judgment or final order shall be adjudged against it, then this obligation shall be void; otherwise, to remain in full force and effect. (Signed) By Comanche Mercantile Company, by H. B. Lockett, Pres. P. H. Peck, Surety."

The appeal of the mercantile company was dismissed by this court in September, 1914, because the petition in error was filed more than six months from the rendition of the judgment or final order complained of. Comanche Mercantile Co. v. Curlee Clothing Co., 44 Okla. 73, 143 Pac, 190. Thereafter execution on said judgment issued out of the county court, and was returned "Nothing Found." The present action was then commenced to recover upon the supersedeas bond above set out. Defendants answered, alleging that under the condition of the bond it had never become operative, and that as H. B. Lockett, a licensed lawyer of this state, signed the bond as surety, the same was void. At the trial plaintiff recovered a verdict for the full amount of its claim, upon which judgment was entered. Motion for a new trial being filed and overruled, the defendants bring the case to this court for review.

The first and only question of importance presented is whether the dismissal of the former appeal, because filed out of time, constitutes such a breach of the obligations of the bond as would render the surety liable.

The statute (section 5251, Rev. Laws 1910), providing for stay of execution on a judgment pending a proceeding to "reverse, vacate, or modify any judgment or final order," is as follows:

"First. When the judgment or final order sought to be reversed directs the payment of money, the written undertaking shall be in double the amount of the judgment or order to the effect that the plaintiff in error will pay the condemnation money and costs, in case the judgment or final order shall be affirmed, in whole or in part."

It will be observed that the obligations of the bond sued on are not the same as those named in the statute. Instead of providing, as in the language of the statute, "in case the judgment or final order shall be affirmed, in whole or in part," it is "in case judgment or final order shall be adjudged against it." The difference in the language of the statute and that of the bond is unimportant, and need not be noticed further than to say that even though there has been a slight departure from the words employed in the statute, the bond is good as a common-law obligation. Woodward v. Bingham, 25 Okla. 400, 106 Pac. 843; Blanchard v. Anderson, 27 Okla. 732, 113 Pac. 717; Ahsmuhs v. Bowyer et al., 39 Okla. 376, 135 Pac. 413, 50 L. R. A. (N. S.) 1060. We may add that it appears that the condition of the bond is almost identical with that before the court in McClain et al. v. Starr, 46 Okla. 654, 150 Pac. 666.

Under our law a supersedeas bond is not given to enable a party to a proceeding to prosecute an appeal, but for the purpose of staying execution on the judgment rendered by the trial court, and to prevent the successful litigant from enforcing it until the appeal is disposed of. As said in McClain v. Starr, supra:

"It must not be overlooked that this is simply a supersedeas bond, and not an appeal bond. The bond is not necessary to effect or complete an appeal, but simply stays execution. An appeal could be taken without giving the bond, but execution could issue notwithstanding the appeal."

See, also, State ex rel. Mose v. District Court of Marshall County, 46 Okla. 654, 149 Pac. 240.

But it is urged that the appeal having been dismissed, because filed out of time, the obligations of the bond were not breached, and that the defendants were not liable on account thereof; that the Supreme Court never having acquired jurisdiction of the appeal, no "judgment or final order" was adjudged against the mercantile company, the principal in the bond, within the meaning of the statute. As soon as the appeal was dismissed, there was a judgment or final order

against the mercantile company, though-not made by the Supreme Court in the form of an affirmance in a hearing and determination of the errors urged as grounds for a reversal. Though the order of the court dismissing the appeal was not in terms an affirmance of the judgment of the trial court, it was equivalent, in legal effect, to a technical affirmance thereof, so as to make the judgment of the trial court final against the judgment debtor. The order dismissing the appeal left the judgment in full force. There was neither a modification nor a reversal of the judgment, which the surety had by his act enabled the judgment debtor to supersede. The courts have generally refused to adopt a technical construction of the word "affirm," as used in a supersedeas bond, conditional for payment in case the judgment is affirmed, but on the other hand have held the obligors on such bonds liable where the appeal is dismissed, on the ground that the dismissal is equivalent to an affirmance, within the meaning of the conditions of the bond. In Co-operative Ass'n v. Rohl, 32 Kan. 663, 5 Pac. 1, the action was on a supersedeas bond executed by the defendants to the plaintiff for a stay of execution, pending proceedings in error, and it was held that the defense that the proceedings in error had been instituted out of time could not be sustained. In Dunterman et al. v. Storey, 40 Neb. 447, 58 N. W. 949, the condition of the bond was that the surety would pay the condemnation money and costs in case the judgment should be affirmed in whole or in part. The surety's principal neglected for more than one year after the rendition of judgment to institute proceedings in error, and it was held that such failure operated as an affirmance of the judgment. In Illinois Surety Co. v. Hendrick et al., 170 Ky. 347, 185 S. W. 1125, the bond bound the surety to—

"* * * pay to the appellees all the costs and damages that may be adjudged against the appellants on the appeal, and also that they would satisfy and perform the whole of the judgment above stated, in case it should be affirmed, and any judgment or order which the Court of Appeals might render or order to be rendered."

The appellants failed to prosecute their appeal, which fact the surety set up as a defense to the action on the bond, and it was held that the dismissal was an affirmance of the judgment within the meaning of the bond, so as to fix the liabilty of surety for the amount of judgment. A similar question was before the court in Coon v. McCormack et al., 69 Iowa, 539, 29 N. W. 455, where it was said:

"The effect of the appeal and supersedeas was to suspend process on the judgment, and prevent the plaintiff from enforcing it until the appeal was disposed of. The Supreme Court neither affirmed nor reversed the judgment, but dismissed the appeal. The judgment therefore remained in full force, and the legal effect of the dismissal was to affirm the judgment of the circuit court. The word 'affirm,' as used in the statute and bond, should not be construed in a narrow and strictly technical sense, but a broad and comprehensive meaning should be attached thereto; that is to say, if the legal effect of the dismissal is to affirm the judgment, then the latter includes the former, and both mean the same thing."

The question was again before the Iowa court in Jewett et al. v. Shoemaker et al., 124 Iowa, 561, 100 N. W. 531, where by the terms of the bond the sureties agreed—

"to satisfy and perform the judgment or order appealed from in case it shall be affirmed and any judgment or order which the Supreme Court may render or order to be rendered by the inferior court."

The appeal having been dismissed, the sureties set up this fact in defense to the action on bond; and it was held that the judgment of the trial court was, in effect, affirmed by the dismissal of the appeal, and therefore that the sureties' liability attached the same as if the judgment had in fact been affirmed by the Supreme Court. In 4 Corpus Juris, 1227, it is said that a dismissal for failure to prosecute an appeal is a final judgment amounting to an affirmance, unless it is otherwise provided by statute, by rule of court, by the express terms of the bond itself, or by the judgment of dismissal. Many authorities supporting the rule announced may be found in a note to Woodle v. Settlemyer, L. A. R. 1915A. 839.

By the making of the bond, its filing and approval, the surety stayed the hands of the judgment creditor, in so far as its right to issue execution in satisfaction of its judgment was concerned. In such circumstances the surety ought not to be permitted to escape the payment of his obligation, because of the subsequent neglect or failure of the principal to prosecute, within the statutory time, his proceedings in error. Any other conclusion would enable a financially embarrassed creditor, by the giving and official approval of a supersedeas bond, and a failure to appeal, to dispose of his property and defeat a satisfaction of the judgment.

There are a few decisions that sustain the position of plaintiffs in error. The weight of the authority and the better reasoned cases, however, support the view that a technical affirmance in the reviewing court is not required.

The only other assignment of error which we feel necessary to consider is that as H. B. Lockett, a licensed attorney of this state,

signed the supersedeas bond, under section 256, Rev. Laws 1910, the same is void. This involves the inquiry, Did Lockett sign the bond as surety? That issue was tried out in the lower court, and it was specifically found that Lockett (who it seems was president of the mercantile company) did not sign the bond as surety. In fact the verdict contains a finding, "that H. B. Lockett signed the bond as an official of the Comanche Mercantile Company." The bond itself referred to but one surety—P. H. Peck. It was signed by the mercantile company by its president, who signed his name a second time, adding thereafter the abbreviation "Pres." There being evidence from which the jury might fairly conclude that Lockett signed the bond, not as surety, but as president of the mercantile company, the verdict and judgment entered thereon will not be disturbed.

The judgment of the trial court is affirmed.

All the Justices concur.