### RIPPEY et al. v. CONE.

No. 24785. April 2, 1935.

S. F. Bailey, for plaintiffs in error.

E. F. McClure and J. W. Colley, for defendant in error.

PER CURIAM. This is an action on appeal from the county court of Pottawatomie county from a judgment in a suit upon an appeal bond from the justice of the peace court. The matter was submitted to the court without a jury upon an agreed statement of facts by the parties, as follows, to wit:

"On the 17th day of Sept., 1930, plaintiff herein obtained judgment in the court of Virgil Martin, justice of the peace of the

city of Maud, Pottawatomie county, Okla., against E. C. Rippey and A. C. Rippey in the sum of $196.61 and costs of suit; that said judgment was not appealed and the same is valid and in full force and effect. That on the 22nd day of Sept., 1930, an execution was issued out of said justice court aforesaid and levied upon one 1928 model Buick coupe as the property of the defendant A. C. Rippey; that Mrs. A. C. Rippey, defendant herein, claimed the automobile as her property; thereupon a trial was before the said Virgil Martin to try her right to said property and the issue was decided in favor of the plaintiff herein. Said trial and decision was on the 27th day of Sept., 1930. On the same day Mrs. A. C. Rippey attempted to appeal to the county court of Pottawatomie county, and filed with said justice of the peace the appeal bond in the amount of $405 sued on in said action; that said bond was signed by Mrs. and Mr. A. C. Rippey and J. J. Cuff and H. N. Disch as sureties and were approved as such sureties Sept. 27, 1930, and was in due time by said justice of the peace, together with his transcript and the papers in said case, transmitted to and filed in the county court. On the 16th day of Feb., 1931, on motion of the plaintiff herein said appeal was dismissed by the county court of Pottawatomie county for the reason that no appeal would lie from such judgment. After the filing of this appeal the constable making the levy returned said automobile to Mrs. A. C. Rippey. After the dismissal of the appeal the case was remanded to the justice court of the city of Maud aforesaid."

The plaintiff thereupon offered in evidence, as his exhibit "A," a certified copy of the alleged appeal bond sued on herein, and upon this evidence and said statement of facts, the matter was submitted to the court and judgment rendered thereon in favor of the plaintiff below in the sum of $196.61 from which judgment the plaintiffs in error have appealed.

Omitting the caption and the signatures, the said bond is in words and figures as follows:

"Know all men by these presents: That Mrs. A. C. Rippey, interpleader, and A. C. Rippey, as principals, and J. J. Cuff and H. N. Disch, as sureties, are held and firmly bound unto H. L. Cone in the sum of $405 Dollars, for the payment of which well and truly to be made we bind ourselves, our heirs, executors and administrators firmly by these presents.

"The condition of the above obligation is such, that whereas, the said Mrs. A. C. Rippey, interpleader, intends to appeal to the county court within and for said county from a judgment rendered against her in favor of H. L. Cone in the justice court of the said county of Pottawatomie on the 27th day of Sept., 1930, before Virgil Martin, justice of the peace for Maud city justice district of said county; now, therefore, if the said Mrs. A. C. Rippey, appellant, shall pay the amount of $196.61 and cost of said appeal be withdrawn or dismissed, including all costs that said appellant will prosecute the appeal to effect and without unnecessary delay; and second, that if judgment be rendered against her on the appeal, she will satisfy such judgment and all costs which may be adjudged against her, or in case the same cannot be collected from the appellee if judgment be obtained against him, then appellant will pay costs incurred by him in said action in the county court, then this obligation to be void, otherwise to remain in full force."

Said bond was duly dated, signed and acknowledged on the 27th day of September, 1930.

Plaintiffs in error present their case on two propositions:

First. No appeal lies from the judgment of a justice of peace in a summary hearing to try the rights of property between an intervening third party and an execution creditor.

Second. In any attempted appeal from a judgment of a justice of peace, from which no appeal lies under the law, the appeal bond given in such case is null and void and there is no liability thereon.

The first proposition is conceded by defendant in error. The second proposition is controverted by defendant in error.

We think the case of Gillespie et al. v. Frisbie, 46 Okla. 438, 148 P. 991, is applicable to the case at bar. That was a case upon an appeal bond given in a forcible detainer suit, when there was no statute authorizing the bond given at the time of the litigation. The court in that case says:

"Therefore, at the time of this litigation, there was no statute authorizing the bond given, and it cannot be enforced as a statutory obligation."

The court further says:

"The question then arises: What are the rights of the parties to this action, as the matter now stands? Counsel for defendant in error argues that, even if there was no statute providing for the giving of the bond, it would be enforceable as a voluntary agreement; since it is supported by an independent and valuable consideration not dependent upon statutory requirements, and cites United States v. Hodson et al., 10 Wall. 395, 19 L. Ed. 937, in support of this proposition. We think the contention is, in part, correct, and the bond without the statute

is enforceable to the extent that there is a valuable consideration."

The case of United States v. Hodson, supra, holds that:

"A bond not conditioned in the precise language of the statute, yet if it be voluntary, and not prohibited by the statute, nor contrary to public policy, and founded upon a sufficient consideration is valid," and "where a bond contains conditions, some of which are legal, and others illegal, and they are separable, the latter may be disregarded, and the former enforced."

In the case at bar, the bond contained a provision that if the appeal be withdrawn or dismissed, Mrs. A. C. Rippey, appellant, should pay the amount of $196.61 and costs. The statement of facts herein shows that upon the giving of the said bond, the automobile, which was taken under the execution, was returned to the possession of Mrs. A. C. Rippey. It appears from the facts and circumstances and the above-mentioned provision in said bond, that the parties in said suit were in doubt as to the legality of the appeal at the time the same was taken. We think a valid consideration existed for this bond, namely, the stay of execution and release of the automobile, and the parties sought to protect the plaintiff below by the giving of the bond.

In 9 C. J., p. 31, sec. 47, it is stated:

"In equity a bond void at law may be enforced as an agreement subject to the effect of the equitable circumstances under which it was made."

In section 49, at the same page and volume, it is stated:

"A bond or obligation is a deed at common law, and is also regarded as a contract and is to be construed, like other contracts, according to the fair import of the language used."

In the case of Westervelt v. Mohrenstecher, 76 Fed. 118, 121, 22 C. C. A. 93, 34 L. R. A. 477, it was held:

"A bond is nothing but a contract. It is the written evidence of the meeting of the minds of the parties to it, and, subject to the rules favoring sureties. * * * It must be construed by the established canons for the interpretation of contracts. The rule for the construction of contracts which prevails over all others is that the court may put itself in the place of the contracting parties; may consider, in view of all the facts and circumstances surrounding them at the time of the execution of the instrument, what they intended by the terms of their contract, and when their intention is manifest it must

control in the interpretation of the instrument, regardless of inapt expressions, or more technical rules of construction."

Other cases in point are Moses v. United States, 166 U. S. 571; Brighton Bank v. Smith, 5 Allen (Mass.) 413, 415; Peck v. Curlee Clothing Co., 63 Okla. 61, 162 P. 735.

We have examined the cases cited by plaintiffs in error, but do not find them in point with the case at bar. We have also examined the petition filed in the court below, and believe that the petition stated a cause of action and the court committed no error in overruling the demurrer to the petition.

We think the bond sued on herein is enforceable as a voluntary agreement, based upon a valuable consideration, independent of any statutory requirement.

The judgment of the court below is affirmed.

The Supreme Court acknowledges the aid of Attorneys R. F. Shutler, T. R. Blaine, and Vancil K. Greer in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Shutler and approved by Mr. Blaine and Mr. Greer, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.