## HAFFNER et al. v. COMMERCE TRUST CO.

No. 27013.    June 2, 1936.

Rehearing Denied June 23, 1936.

I. H. Lookabaugh, for plaintiffs in error.

Cohoon & Heiple, for defendant in error.

PER CURIAM. On August 17, 1934, plaintiffs in error filed a motion to vacate a judgment entered August 17, 1934, foreclosing a mortgage. The grounds alleged in said motion are irregularities in entering said judgment under subdivision 3 of section 556, O. S. 1931. On the 21st day of August, 1935, the court overruled a motion to vacate. On August 23, 1935, a motion for new trial was filed which was overruled on the 18th day of September, 1935. An attempted appeal is taken from the order overruling motion for new trial, and the case-made was filed herein March 11, 1936. The appeal must be dismissed for the reason that the filing and determination of a motion for new trial was not necessary and did not extend the time in which the appeal could be filed in this court. Harper v. Rutland Savings Bank, 79

Okla. 274, 192 P. 1101; Chesnut v. Overholser, 75 Okla. 190, 182 P. 683; Powell v. Nichols, 26 Okla. 734, 110 P. 762; Butler v. Archard, 130 Okla. 241, 266 P. 1106; United Mining & Milling Co. v. First National Bank of Davis, 167 Okla. 638, 31 P. (2d) 550; Hawkins v. Steil, 172 Okla. 301, 45 P. (2d) 147.

The appeal is therefore dismissed.

Defendant in error has requested that judgment be granted on the supersedeas bond upon the dismissal of this case. In Nixon v. General Explosives Co., 89 Okla. 184, 214 P. 911, we said:

"Where the appeal has not been perfected as required by law, and this court acquires no jurisdiction of the case, and the appeal is dismissed on jurisdictional grounds, this court is powerless to render judgment on supersedeas bond."

It appearing, therefore, that this court had no jurisdiction of the appeal, for the reason that the appeal was not taken within six months of the date of the rendition of judgment of the trial court, the motion for judgment on supersedeas bond must be denied.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, WELCH, PHELPS, and CORN, JJ., concur. RILEY, BAYLESS, and GIBSON, JJ., absent.