## HAFFNER et al. v. COMMERCE TRUST CO.

No. 28480. Dec. 6, 1938.

Rehearing Denied Jan. 17, 1939.

McKeever, Stewart & McKeever, for plaintiffs in error.

Cohoon & Heiple, for defendant in error.

DAVISON, J. This is an appeal from a judgment of the district court of Dewey county, Okla., in favor of the defendant in error, Commerce Trust Company, against John F. Haffner and Anna Haffner, as principals, and John Brookhoven, August Brookhoven, Tom Crawford, and Isaac H. Wilson, as sureties, on a supersedeas bond. The events leading up to the execution and filing of said bond are as follows: The defendant in error had recovered a money and real estate mortgage foreclosure judgment against John and Anna Haffner on January 17, 1934. This judgment was not appealed from, but on August 17, 1935, the Haffners filed a motion to vacate same, and said motion was overruled August 21, 1935. On August 23, 1935, the same parties filed a motion for a new trial, and on September 18, 1935, that motion was overruled. The Haffners then gave notice of appeal and filed the bond which is the subject of this action. The result of their appeal is reported as Haffner et al. v. Commerce Trust Co., 177 Okla. 313, 58 P.2d 863, wherein this court dismissed said appeal because it was lodged after the statutory period had expired even though the case-made was filed within six months after the motion for new trial was overruled, and held that the motion for new trial did not extend the time for appeal.

No attempt appears to have been made to secure execution on the foreclosure judgment during the pendency of the appeal proceeding, but after the decision of Haffner et al. v. Commerce Trust Co., supra, the land involved was sold at sheriff's sale and the proceeds thereof applied upon the trust company's judgment. It was for the purpose of collecting the deficiency remaining on said judgment after all proper credits had been deducted therefrom that said company brought the present action upon the aforesaid supersedeas bond. The principals and sureties on the bond have brought this appeal from the judgment rendered against them in favor of the trust company by the trial court. The litigants will herein be designated "plaintiff" and "defendants," as they appeared in the district court.

The defendants' denial of liability on the bond is based upon the claim that it was a nullity for the reason that it was unauthorized; that it was without consideration and that there was nothing for it to supersede.

As we understand the brief, it is first argued that the bond was unauthorized and a nullity because the trial court had lost jurisdiction of the foreclosure action at the time said bond was filed. In support of this proposition it is asserted that the foreclosure judgment was valid on its face and that the motion to vacate said judgment contained no defense to the foreclosure action and that therefore said motion was insufficient under paragraph 3, section

556, O. S. 1931, to invoke the jurisdiction of the trial court to vacate said judgment. Upon the premise that the court was thus without authority to vacate said judgment, it seems to be counsel's conclusion that said court lacked jurisdiction to allow an appeal from its order overruling said motion to vacate or to allow said order or judgment to be superseded by the bond herein sued upon. Counsel for the plaintiff maintains that this alleged want of jurisdiction is no defense to this action for the reason that said bond is a valid common-law undertaking even though its invalidity as a statutory supersedeas bond were admitted.

There is no doubt that recovery may be allowed upon a bond as a common-law undertaking even though it may be invalid as a statutory supersedeas bond. See Maryland Casualty Co. v. Marshall (Ky.) 10 S. W.2d 485; Rippey et al. v. Cone, 171 Okla. 324, 43 P.2d 76; Swofford Bros. Dry Goods Co. v. Livingston (Colo. App.) 65 P. 413, and many others. In the last-cited case, it was said:

"* * * Conceding to the defendants that the appeal bond is not a compliance with the statute, and that everything done in connection with the attempted appeal was a nullity, they are not, therefore, excused from liability on their bond. That the bond fails of conformity with the statute is not, of itself, available as a defense. There is no restriction upon the liberty of parties to enter into lawful contracts, and an obligation assumed voluntarily, and for a sufficient consideration, if consistent with the policy of the law and repugnant to no statutory provision, is valid at common law." (Citing authorities.)

The only reason advanced by the defendants for denying that liability has accrued upon the bond in question, under the principles enunciated in the foregoing authorities, is that said bond lacked consideration. which, of course, is essential to every valid contract. They claim that there could have been no consideration for the undertaking involved, because it was impotent to stay execution of the foreclosure judgment which it purported to supersede. Endeavoring to demonstrate the bond's impotence, they assert that it was filed at a time when no appeal in reality was pending, for the reason that no effective notice of appeal had been given. It is conceded that no notice of appeal from the order overruling the motion to vacate the foreclosure judgment was ever given and that the only time that the judgment debtors gave notice of appeal was when their motion for a new trial was overruled, after more than the statutory period for giving notice of appeal from the order overruling the motion to vacate had expired. Since in Haffner et al. v. Commerce Trust Co., supra, the order overruling the judgment debtors' motion for a new trial was held ineffective, the defendants conclude that the notice of appeal therefrom was a nullity and that therefore no appeal was ever pending, that the bond in question is a nullity, that the trial court never lost jurisdiction of the cause and that execution could have issued on the foreclosure judgment at any time. While we are not concerned with whether such alleged defects would invalidate the instrument in question as a statutory supersedeas bond, yet, if they wrought a failure or want of consideration for the bond, it could not be said to be a valid contract and enforceable as a common-law undertaking. Unquestionably, however, the defects alleged can have no bearing upon the matter of consideration in this case. All of the benefits to be derived by the obligors to the detriment of the obligees by the giving of the bond have been enjoyed. All of the consideration that was to move from the Commerce Trust Company to the Haffners by reason of the execution and filing of said bond has passed. Execution on its judgment against them had been delayed during the entire period that their appeal was pending. The benefits of execution thus foregone by the plaintiff is sufficient consideration for the contractual obligation assumed by the defendants under the bond in question. See Swofford Bros. Dry Goods Co. et al. v. Livingston and Maryland Casualty Co. v. Marshall, supra. We are referred by counsel for the defendants to Reed v. Chambers (Ariz.) 201 P. 98, and Estado Land & Cattle Co. v. Ansley (Tex. Civ. App.) 24 S. W. 933, wherein the sureties on supersedeas bonds were relieved from liability thereon and said bonds were considered nullities because no notice of appeal had been given. Neither of these cases are in point, for in neither of them was execution delayed until the causes in which they were filed had been appealed. After the execution of the bond in the Arizona case, the sureties promptly applied for and were granted a release from liability on the bond, and in the Texas case execution was issued on the trial court's judgment before an appeal therefrom had been lodged in the appellate court. In neither instance was execution delayed until an appeal was had. The consideration for the execution of the bonds never passed and neither ever became an executed contract. The probability that the judgment creditor could not have

been forced to forego execution by reason of the bond does not in any manner diminish the value of the delay or stay of execution as a good consideration for the obligation of those executing said instrument. As was said in Howe v. Farmers & Merchants Bank, 155 Okla. 284, 8 P.2d 665:

"* * * The court has not been concerned with whether the stay was obtained as a matter of right rather than as a matter of fact, and we consider it pretty well settled in this jurisdiction that if the end sought by the filing of the undertaking is obtained, if execution is stayed, there is liability on the undertaking. That seems not only well settled in this jurisdiction, but there are numerous authorities to the same effect in other jurisdictions."

In the above case, the following words from Braithwaite v. Jordan, 5 N. D. 196, 65 N. W. 701, 716, 31 L. R. A. 238, were quoted with approval:

"'It is urged that the respondent could not have been compelled to refrain from enforcing his judgment pending the appeal * * * it would not be decisive of the question, if we should hold that he need not have abstained from proceeding under the judgment pending the appeal. The fact is that he did so abstain. This is sufficient. * * *'"

The fact that the judgment creditor has foregone execution when he may not have been legally bound to do so is germane only to the question of mutuality. Want of mutuality is no defense in the case of an executed contract. An undertaking to pay a certain sum upon the performance of certain acts by another becomes a binding obligation on the promisor upon the performance of said acts before its revocation, and a valid unilateral contract is thereby created even though there was no mutually binding contract at the time the promisor executed the undertaking. See 13 C. J. 334, pars. 181, 182; Williston on Contracts, vol. 1, p. 11, sec. 13. And the consideration may consist of forbearance rather than an affirmative act. In section 68 of vol. 6, Ruling Case Law, at page 656, it is said:

"To constitute a consideration, it is enough that something is promised, done, forborne, or suffered by the party to whom the promise is made, as consideration for the promise made to him."

Nor can it be said that the bond herein sued upon was without consideration because this court never acquired jurisdiction through the proceedings leading up to the decision of Haffner et al. v. Commerce Trust Co., supra, to review the order overruling the motion to vacate the judgment of the trial court in that cause. In Davis v. Huth (Wash.) 86 P. 654, recovery was denied on a bond given to supersede the judgment of the trial court pending appeal on the ground that the appeal had not been perfected and the Supreme Court had acquired no jurisdiction by reason of the proceedings in error because no notice of appeal had ever been given. Counsel call particular attention to the following quotation from the opinion in that case:

"The jurisdiction of this court on appeal was the whole consideration for the bond sued on in this case."

Such a statement has no application to the present case. Davis v. Huth, supra, was decided in conformity with a Washington statute referred to in the opinion as providing "that an appeal in a civil action shall become ineffectual for any purpose unless * * * an appeal bond is filed. * * *" Oklahoma has no such statute with reference to Supreme Court appeals. A decision that the bond constituted a binding obligation in the Davis Case would have been contrary to the positive wording of the governing statute. In this state no supersedeas bond is necessary to give this court jurisdiction of direct appeals from the other state courts of record. The only purpose and effect of a supersedeas bond in such cases is to stay execution or other proceedings brought to enforce the trial court's judgment. See Hutchings v. Winsor, Ex'x, 92 Okla. 37, 217 P. 1044. As the appellate jurisdiction of this court is not dependent upon the execution and filing of a bond, it, of course, cannot be claimed, as was said in Davis v. Huth, supra, that this jurisdiction is the consideration for the bond. The defendants cite Potts v. Graham, 137 Okla. 302, 277 P. 594, in support of their position, but that decision is not applicable here because of the distinction pointed out in the following quotation from the opinion in that case:

"There is a distinction in those cases and the instant one, in that it is held in those cases that the judgment was superseded and an execution stayed pending the time for perfecting the appeal and that there the bond served its purpose and the makers had the benefit thereof.

"It will be observed that a supersedeas bond does not operate to confer appellate jurisdiction as does an appeal bond from a justice of the peace court."

In view of the foregoing well-established principles, the defendants' attack upon the bond cannot be sustained. Nor can they now be heard to deny that it served its

purpose on the ground that there was nothing for it to supersede. The body of the bond recites:

"Whereas, on the 17th day of January, A. D. 1934, a judgment was rendered in said District Court in favor of the plaintiff in the above entitled action and against said defendants for the sum of Nine Hundred and ten (910.41) Dollars and forty one cents interest, costs and attorneys fees.

"And whereas said defendant as plaintiff in error has commenced proceedings in error in the Supreme Court of this state to reverse and vacate such judgment. * * *"

The defendants are estopped by the above recital to now contend that the judgment vacation proceedings were nothing or a nullity. In Richardson v. Penny, 10 Okla. 32, 61 P. 584, it was held:

"The obligors upon an appeal or supersedeas bond are bound by the recitals in the bond, and where the bond recites that a certain action was pending in district court between certain parties, and that a judgment was rendered in said cause, the obligors in such bond, in a suit thereon, are estopped from saying no such suit was pending or that no valid judgment was rendered therein."

The following statements of other courts appear in the body of the opinion:

"When a party makes an admission in an instrument under his hand and seal, he is estopped from disputing the facts he recites. * * *

"It would be manifestly unfair and unjust to permit the defendants * * * after getting the benefit of a trial and hearing on the issues presented, and after giving a bond which in effect stayed the judgment of the lower court, and enabled them to still enjoy the use and profits of the property the court had adjudged they were not entitled to, and after getting the cause reviewed in the Supreme Court, and all had been decided adverse to them, still hold on to the property, and when suit is brought on the bond allow them to say, 'We are only trifling with the rights of the adverse party and with the courts. No cause was ever pending in the courts.' "

In State v. Friend (Iowa) 236 N. W. 21, the Supreme Court of Iowa referred to decisions from numerous states regarding the theory of estoppel and thereupon said it was apparent that liability on the bond could not be avoided because, "perchance, the appeal was improperly taken." To deny liability on a supersedeas bond because the proceedings in error fail to obtain a decision from this court upon the merits of the principal's claim or defense would be attendant with absurd and unjust results.

Such a holding in many instances would rob the judgment creditor of the satisfaction of his judgment, for his judgment debtor, though entirely solvent and financially responsible on the date of the trial court's judgment, might become wholly insolvent and incapable of satisfying the judgment during the pendency of his appeal therefrom. By failure and neglect, unscrupulous debtors could entirely defeat the ends of justice. Accordingly, it is consonant with principles of both law and justice that we sustain liability on the bond involved herein. And the liability arose when the decision in Haffner et al. v. Commerce Trust Co., supra, became final, even though that decision was in effect a dismissal. A judgment of dismissal by this court is equivalent to an affirmance of the judgment of the trial court within the provisions of a supersedeas bond like the one in question, wherein the obligors bind themselves to "pay the condemnation money and costs in case said judgment shall be affirmed in whole or in part in the Supreme Court." See Crofut-Knapp Co. v. Wever et al., 67 Okla. 163, 167 P. 464; International Chiropractic Congress et al. v. Johnston, 174 Okla. 567, 50 P.2d 1115. In the latter opinion the following language from Peck et al. v. Curlee Clothing Co., 63 Okla. 61, 162 P. 735, is quoted with approval:

"Though the order of the court dismissing the appeal was not in terms an affirmance of the judgment of the trial court, it was equivalent, in legal effect, to a technical affirmance thereof, so as to make the judgment of the trial court final against the judgment debtor. The order dismissing the appeal left the judgment in full force. There was neither a modification nor a reversal of the judgment which the surety by his act enabled the judgment debtor to supersede. The courts have generally refused to adopt a technical construction of the word 'affirm,' as used in a supersedeas bond, conditioned for payment in case the judgment is affirmed, but on the other hand have held the obligors on such bonds liable where the appeal is dismissed, on the ground that the dismissal is equivalent to an affirmance, within the meaning of the conditions of the bond."

Based upon the foregoing views, it is our opinion that the supersedeas bond executed by the defendants herein is a valid and binding obligation and that none of the errors assigned constitute grounds for disturbing the judgment of the trial court allowing recovery thereon. The judgment of the trial court will be affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and GIBSON and CORN, JJ., concur.