WALKER et al. v. TADDER et al.

No. 30970. June 22, 1943.

Rehearing Denied Sept. 14, 1943.

*140 P. 2d 1011.*

W. R. Kerr, of Tulsa, for plaintiffs in error.

Leslie W. Lisle, of Tulsa, for defendants in error.

RILEY, J. J. B. Walker and Irene Walker appeal by transcript from an order of the trial court dismissing their cause of action, denying them certiorari and a writ of injunction to restrain further proceedings in an unlawful detainer action pending in the court of Honorable Sam A. Neely, justice of the peace within Tulsa county.

The record is incomplete in many respects, but it appears from plaintiffs' petition filed in the trial court that on April 6, 1942, a judgment was rendered in the justice court favorable to Archie Tadder and against plaintiffs for possession of real property. It does not appear that plaintiffs filed in the possessory action an affidavit as provided by Title 39, sec. 87, O. S. 1941, to support their claim that title to the real estate was in dispute. The plaintiffs sought by motion a dismissal of the action, and there was attached to the motion a purported written contract wherein defendant Tadder agreed to sell, and plaintiff Walker agreed to purchase, the real property involved. It does not appear that anything was ever paid on the purported contract, but, to the contrary, it is said in plaintiffs' brief that the judgment in the justice court found that plaintiffs were in default of rent in the amount of $200, the limit of the court's jurisdiction.

Title 39, secs. 241-243, O. S. 1941, provide a full, complete, and adequate remedy by appeal, and section 251, Id., specifically applies to the giving of a bond in actions for forcible entry and detainer.

In Baker v. Newton et al., 22 Okla. 658, 98 P. 931, this court announced the rule that certiorari will not lie where there is an adequate remedy by ap-

peal. In the cited case, as in the case at bar, the petition for certiorari was filed before time for appeal had expired.

In School Dist. No. 20, Carter County, v. Walden, District Judge, 146 Okla. 19, 293 P. 199, this court said:

"The rule, as established in Oklahoma, is that a writ of certiorari will issue to an inferior court or tribunal to bring to the issuing court the record for review as to whether the inferior court or tribunal kept within or exceeded the jurisdiction conferred upon it by law. The writ cannot be used to correct errors committed by the inferior court or tribunal within the limits of its jurisdiction."

In the instant case the justice court had jurisdiction of the parties and jurisdiction of the subject matter, for possession of real property.

In the event plaintiffs had resorted to their remedy by appeal, not only would the record have been presented showing the judgment and all the papers filed in the original cause, but additionally the very relief sought by injunction would have been provided, together with adequate protection afforded the adverse party by the furnishing of a bond.

Section 243, supra, provides:

" . . . all further proceedings before the justice of the peace in the case shall cease and be stayed on the filing of the undertaking with said justice; . . ."

For the reason that the statute provides a full, adequate, and complete remedy by appeal, we conclude that the trial court was not in error under the view that certiorari or injunction could not be substituted for appeal. See, also, Scissem v. Bradley, 167 Okla. 161, 29 P. 2d 69, and Lyons v. Lyons, 185 Okla. 79, 90 P. 2d 39.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. DAVISON, J., absent.