## PHILBRICK v. TADDER.

No. 31931. Nov. 20, 1945.

Rehearing Denied Dec. 11, 1945.

*164 P. 2d 226.*

F. E. Riddle, of Tulsa, for plaintiff in error.

Leslie W. Lisle, of Tulsa, for defendant in error.

PER CURIAM. This action was commenced by Archie Tadder, hereinafter called plaintiff, against Belle Philbrick et al., to recover on a bond. Judgment was for plaintiff against all of the defendants, and Belle Philbrick alone appeals and will be referred to hereinafter as defendant. Plaintiff brought an action in the justice of the peace court for the recovery of possession of certain real property in an action in forcible entry and detainer. He obtained a judgment against J. B. Walker and Irene Walker. The Walkers, conceiving that the justice of the peace court was without jurisdiction to enter the judgment, commenced an action in the court of common pleas of Tulsa county to enjoin its enforcement, which resulted in a judgment for the defendants, dismissing the action, and the Walkers appealed to this court, where the order and judgment of the trial court was affirmed. Walker v. Tadder et al., 193 Okla. 8, 140 P. 2d 1011.

Following the judgment of the court of common pleas, Walkers gave notice of appeal and asked permission to supersede the judgment denying them injunctive relief, and in pursuance of such permission gave the bond sued on. This bond in the usual form is elaborate in its details, and expressly states it is given "in order that execution of said judgment shall be stayed pending the determination of said cause on appeal"; and further expressly provides against their committing waste during their possession during the appeal; and expressly obligates the principal and surety to pay double the value of the use and occupation if they do not prevail; and to insure redelivery and to answer for damages.

Defendant argues that the bond was insufficient to stay the execution out of the justice of peace court; (2) that the trial court should have sustained a demurrer to the petition; (3) that there is no evidence of damage resulting to the plaintiff. We have held that in cases where the statute makes no provision for a supersedeas bond or a stay of the judgment or final order as a matter of right, the trial court may, in the exercise of its discretion, allow a supersedeas or stay on such terms as it may prescribe for the protection of the parties, pending an appeal to the appellate court. In re Epley, 10 Okla. 631, 64 P. 18; Palmer v. Harris, 23 Okla. 500, 101 P. 852. An action to recover for a breach of a bond given to stay a judg-

ment of a court pending an appeal to the Supreme Court is an action on the contract and the judgment obligors are bound by the terms and conditions of the bond. Richardson v. Penny, 10 Okla. 32, 61 P. 584; Peck v. Curlee Clothing Co., 63 Okla. 61, 162 P. 735; Woodward v. Bingham, 25 Okla. 400, 106 P. 843; Blanchard v. Anderson, 27 Okla. 732, 113 P. 717; Ahsmuhs v. Bowyer, 39 Okla. 376, 135 P. 413, 50 L. R. A. (N. S.) 1060; Rippey v. Cone, 171 Okla. 324, 43 P. 2d 76; Haffner v. Commerce Trust Co., 184 Okla. 212, 86 P. 2d 331, 120 A. L. R. 1057. In Haffner v. Commerce Trust Co., supra, we held that in an action by a judgment creditor to recover upon his judgment debtor's supersedeas bond the charge that said bond may have been impotent to compel a stay of execution upon said judgment is no defense to the action, if no proceedings for execution were in fact had until a final decision on the appeal from said judgment.

In Rippey v. Cone, supra, we held that, when a bond is given without statutory requirements, but voluntarily, and contains conditions supported by valuable consideration for a purpose not prohibited by statute nor contrary to public policy, it is therefore obligatory on the parties to it in like manner as any other contract or agreement is held valid at common law.

It may, therefore, be seen by our authorities cited above, in addition to the bond provided by 12 O. S. 1941 § 968, the court may either require a bond or the parties may agree upon a bond. In the case at bar the defendant first requested and was given time to prepare the bond. It was prepared and presented to court and the court marked the same approved as to amount and form.

The defendant argues that the bond is unintelligible and vague. The fact that it accomplished the purpose for which it was given is answer enough to this argument. Since the filing of the action in forcible entry and detainer one thing has been in controversy. This was the right to possession of the prop-

erty described in the bond. The defendant remained in possession of the premises for 17½ months. We think it clearly appears that it was the intention for the defendant to stay in possession of the premises without molestation of plaintiff pending the appeal from the order and judgment of the trial court affirmed by this court in Walker v. Tadder, supra. When the action of the trial court therein was affirmed by said opinion, the bond became effective for the purpose of the action brought herein.

Finally it is argued in statement three set out above that there is no evidence of damage under the conditions of the bond. This argument is without substantial merit. The proof of the rental value of the premises is ample. Considering the agreement to pay double the rental value for the 17½ months, this alone would support the entire amount of the judgment rendered.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.