**M.A. EICHHORN and Foremost Financial Services Corporation, a Delaware corporation, Appellees,**

v.

**George E. BREWER, Appellant.**

**No. 61733.**

Supreme Court of Oklahoma.

May 10, 1988.

Gregory A. Guerrero, Holliman, Langholz, Runnels & Dorwart, Tulsa, for appellees.

Frank R. Hickman, Hickman & Hickman, Tulsa, for appellant.

## MEMORANDUM OPINION

OPALA, Justice.

The prevailing appellees moved for summary judgment against the sureties on supersedeas bond. Their motion is sustained and judgment is granted.[1]

---

1. 12 O.S.Supp.1986 § 971 and Rule 31, Rules of the Supreme Court, 12 O.S.1981, Ch. 15, App. 1. The pertinent terms of 12 O.S.Supp.1986 § 971 provide:

> "[I]n the event that the judgment of the court to which such appeal is taken is against the appellant, *judgment shall, at the same time it is entered against the appellant, be entered against the sureties* on his said undertaking to stay execution...." [Emphasis added.]

The pertinent terms of Rule 31, Rules of the Supreme Court, 12 O.S.1981, Ch. 15, App. 1, provide:

> " * * *
>
> (2) If the original supersedeas bond or certified copy is not included in the record, or if so included and not called to the Court's attention in the briefs, the *appellee ... may file with the Clerk a motion for judgment on the supersedeas bond, and this Court, in all proper cases,* where the appellee is entitled thereto, *will enter an order rendering judgment on said bond.* [Emphasis added.]
> * * * "

## I

### CRITICAL FACTS PERTINENT TO THE PROCEEDINGS FOR SUMMARY JUDGMENT

The trial court gave judgment to the appellees on December 28, 1983. Appellees then posted on May 21, 1984 a supersedeas bond in statutory form. That undertaking secures the judgment in the amount of $5,700.00, plus interest and costs; its penal sum is $12,000.00. A November 6, 1984 postjudgment order taxed against the appellant an attorney's fee of $14,525.00 "as costs" in the case. On December 4, 1984 the appellant filed an "Amendment To [Supersedeas] Bond". It covers *"all court costs incurred in connection with said appeal, or any judgment entered in the lower court."* [Emphasis added.]

The Court of Appeals affirmed the trial court's judgment. The appellees then moved for summary judgment against the sureties on supersedeas bond *as amended.* The issue before us is whether the amendment operates to increase the original undertaking's penal sum, making the sureties' obligation coextensive with the appellant's *total adjudicated* liability. We answer in the affirmative.

## II

### THE BOND'S AMENDMENT IS VALID AND ENFORCEABLE AS A COMMON–LAW BOND

■ A supersedeas bond may be amended with the surety's consent.[2] An amendment that does not conform strictly to statutory requirements is not invalid *per se.*[3] It may still be effective and enforceable as a common-law bond, if it was given voluntarily, upon consideration, and for a purpose neither prohibited by statute nor one contrary to public policy.[4] When the obligor's intent is apparent, the amendment should be held enforceable and given effect, unless it is so defective and vague that its purpose cannot be ascertained.[5]

The appellant did *not* file the critical amendment in question until *after* the attorney's fees award had been made against him. The amendment could serve no apparent purpose other than to protect from execution the November 6, 1984 postjudgment counsel-fee allowance of $14,525.00. The absence of a specific recitation that the amendment was in fact intended to cover the award is inconsequential. Even if the law required an explicit inclusion of the attorney's fee award to make the amendment efficacious, terms that fulfill the intent of the parties can be constructively supplied.[6]

The issue here is not the specific legal anatomy of *what* the trial court awarded by its November 6, 1984 postjudgment order, but rather whether the *added liability* imposed by that award—be it characterized in law as "recovery", "costs" or something else—was intended to be included in the amended undertaking. There is no need for us to describe in this case the counsel-fee award either as an item of recovery or as costs. Regardless of its nature, the sureties' amendment patently undertook to cover the full amount of the *additional liability* adjudged below on November 6.

The sureties' intent is manifested by the unequivocal words of the amendment—to cover "any judgment". That the sureties intended to "stand good" for the entire adjudicated obligation also becomes apparent when the appellant's total liability is viewed in conjunction with the *timing* as well as the terms of the amendment. The sureties' undertaking on their original bond clearly came to be extended to protect from execution during the pendency of the ap-

**2.** *Venator v. Edwards,* 126 Okl. 296, 259 P. 596 [1927] (syllabus).

**3.** *Ryndak v. Seawell,* 23 Okl. 759, 102 P. 125 [1909] (syllabus).

**4.** *Philbrick v. Tadder,* 196 Okl. 218, 164 P.2d 226, 227 [1945] (syllabus); *Haffner v. Commerce Trust Co.,* 184 Okl. 212, 86 P.2d 331, 333 [1939];

*Rippey v. Cone,* 171 Okl. 324, 43 P.2d 76 [1935] (syllabus); *Peck v. Curlee Clothing Co.,* 63 Okl. 61, 162 P. 735 [1917] (syllabus).

**5.** *Federal Discount Co. v. Clowdus,* 50 Okl. 154, 150 P. 1104 [1915] (syllabus).

**6.** *Federal Discount Co. v. Clowdus, supra* note 5 at 1105.

peal the *entire* obligation—both the judgment itself and the postjudgment award.

■ Like any other contract, a bond given to stay execution must be construed to further the obligor's intent.[7] The amendment's enforceability is supported by the undeniable fact that its purpose has been accomplished.[8] Execution was not sought upon the order assessing counsel fees. The appellant received full benefit of the *amended* bond, and the appellees should not now be deprived of the bargain due them as obligees of that undertaking.[9]

■ The amended bond is not facially void; it cannot be treated as a nullity.[10] The want of a penalty clause in the amendment is not fatal to its validity. A bond will not fail for want of a penal sum if the surety's obligation is reasonably ascertainable.[11] In short, the amendment is effective to modify the bond by increasing the sureties' obligation to include the postjudgment counsel-fee award. Because the bond, as amended, did not recite the penal sum of the sureties' undertaking, the obligors' liability became *coextensive* with that of the principal (judgment-debtor).[12]

Appellees are granted summary judgment against the sureties on supersedeas bond—treated as a common-law undertaking—for the liability whose limit is coextensive with the sum total of all four items comprised within the adjudicated obligation: 1) the principal amount of the judgment, 2) interest, 3) court costs, and 4) attorney's fees.

DOOLIN, C.J., and LAVENDER and KAUGER, JJ., and HUNTER, S.J., concur.

ALMA WILSON and SUMMERS, JJ., concur in part and dissent in part.

HARGRAVE, V.C.J., and HODGES, J., dissent.

HUNTER, S.J., sat herein by designation of the Chief Justice in lieu of SIMMS, J., who was disqualified.

ALMA WILSON, Justice, *dissenting to the court's enlargement of the penal sum on the supersedeas bond:*

In the trial court, the parties to this appeal litigated an action for quiet title, ejectment, and accounting of rents for real property. The trial court granted summary judgment in favor of Appellees. The summary judgment included money damages in the amount of $5,700. Appeal was taken from this summary judgment.

On assignment to the Court of Appeals, that court affirmed the summary judgment of the trial court by unpublished opinion, dated November 17, 1987. Neither party filed a petition for rehearing. However, Appellees subsequently filed a motion requesting this Court enter an order rendering a judgment on Appellant's supersedeas appeal bond, as authorized by Supreme Court Rule 31:

. . . . .

(2) If the original supersedeas bond or certified copy is not included in the record, or if so included and not called to the Court's attention in the briefs, the appellee, or the party entitled thereto, after the opinion of the Court is filed and prior to the time of issuing the mandate, may file with the Clerk a motion for judgment on the supersedeas bond, and this Court, in all proper cases, where the appellee is entitled thereto, will enter an order rendering judgment on said bond.

. . . . .

I concur with the majority of this Court insofar as this Court is authorized to render judgment on the supersedeas bond; however, I must dissent with respect to the majority's interpretation of the effect of the amendment on the *amount* of the un-

7. *Ryndak v. Seawell, supra* note 3 at 126.

8. *Ryndak v. Seawell, supra* note 3 at 127.

9. *Philbrick v. Tadder, supra* note 4 at 228; *Rippey v. Cone, supra* note 4 at 78.

10. *Venator v. Edwards, supra* note 2 at 259 P. 598.

11. See *Ryndak v. Seawell, supra* note 3 at 128.

12. See *Allen v. Hartford Accident & Indemnity Co.,* 190 Okl. 313, 123 P.2d 252, 253 [1942].

dertaking. The amendment did not increase the penal sum of the supersedeas bond. There is nothing in the language of the amendment stating an increase in the penal sum of the underlying. Absent such language an increase in the penal undertaking cannot be inferred by construction. The scope and extent of the undertaking are clearly ascertainable from the language used within the four corners of the bond. The amendment to the bond served merely to specify the items secured *up to* the stated limit of recovery in the previously executed bond:

> "the bond heretofore executed ... covers all court costs incurred in connection with said appeal or any judgment entered in the lower court."

Accordingly, I would grant judgment to Appellees on the supersedeas bond, but not to exceed the penal sum of the bond which is $12,000.

I am authorized to state that Justice Summers concurs in the views herein expressed.